IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CRAIG REED, et al.,<br><br>　　　　Plaintiffs<br><br>vs.<br><br>FREEBIRD FILM PRODUCTIONS, INC., et al.,<br><br>　　　　Defendants. | CASE NO. 1:08-CV-01761<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>**ANSWER OF DEFENDANT LIONS GATE FILMS, INC. (SUCCESSOR IN INTEREST TO NAMED DEFENDANT ARTISAN ENTERTAINMENT, INC.)** |

Defendant Lions Gate Films, Inc., successor in interest to named defendant Artisan Entertainment, Inc. responds as follows to the Complaint herein.

### FIRST DEFENSE

1.　Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations made in paragraphs 1 through 10 of the Complaint.

2.　Defendant admits that Lions Gate Films, Inc., successor in interest to Artisan Entertainment, Inc. is a corporation organized and existing by virtue of the laws of the State of Delaware with its principal place of business in California; admits that it has marketed and/or distributed audio-visual works featuring the band Lynyrd Skynyrd pursuant to rights it obtained from RHI Entertainment Distribution, LLC or its predecessor; denies the remaining allegations made in paragraph 11 of the Complaint.

3.　Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations made in paragraph 12 of the Complaint.

4.　Defendant admits that plaintiff purports to base jurisdiction on 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367; avers that these allegations constitute a legal conclusion which is not

properly admitted nor denied, but for the purposes of answering only, denies the allegations made in paragraph 13 of the Complaint.

5. Defendant denies the allegations made in paragraphs 14 and 15 of the Complaint.

6. Defendant avers it lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations made in paragraphs 16 through 38 of the Complaint.

7. Defendant admits that it acquired by agreement with RHI Entertainment or its predecessor certain rights possessed by RHI Entertainment or its predecessor to "Freebird…The Movie;" admits that it exploited those rights; and denies the remaining allegations made in paragraph 39 of the Complaint.

8. For its answer to paragraph 40 of the Complaint, defendant admits that, pursuant to certain rights that it acquired from RHI Entertainment or its predecessor, it distributed and sold copies of "Freebird…The Movie."

9. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations made paragraphs 41 through 44 of the Complaint.

10. Defendant denies that it has an obligation to pay plaintiff any portion of profits in connection with its exploitation of "Freebird…The Movie;" avers that it has fully performed all of its obligations owed to others with respect to its exploitation of "Freebird…The Movie;" and avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations made in paragraph 45 of the Complaint.

11. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in paragraphs 46 through 52 of the Complaint.

12. Defendant denies the allegations made in paragraphs 53 through 59 of the Complaint.

13. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 60 of the Complaint.

14. Defendant denies the allegations made in paragraph 61 of the Complaint.

15. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 62 of the Complaint.

16. Defendant denies the allegations made in paragraph 63 through 66 of the Complaint.

17. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in paragraphs 67 through 75 of the Complaint.

18. Defendant denies the allegations made in paragraph 76 of the Complaint.

19. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in paragraphs 77 through 85 of the Complaint.

20. Defendant denies the allegations made in paragraph 86 of the Complaint.

21. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in paragraphs 87 through 90 of the Complaint.

## ANSWER TO COUNT ONE

22. For its answer to paragraph 91 of the Complaint, defendant repeats and realleges each and every admission, allegation, averment, statement or denial contained in the foregoing paragraphs of its answer to the Complaint, as if the same were fully rewritten herein.

23. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in paragraphs 92 through 96 of the Complaint.

## ANSWER TO COUNT TWO

24. For its answer to paragraph 97 of the Complaint, defendant repeats and realleges each and every admission, allegation, averment, statement or denial contained in the foregoing paragraphs of its answer to the Complaint, as if the same were fully rewritten herein.

25. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in paragraphs 98 through 101 of the Complaint.

26. Defendant denies the allegations made in paragraph 102 of the Complaint.

27. Defendant denies that it engaged in any of the conduct alleged in paragraphs 103 through 107 of the Complaint; and avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations made in paragraphs 103 through 107 of the Complaint.

28. Defendant denies the allegations made in paragraphs 108 through 110 of the Complaint.

## AFFIRMATIVE DEFENSES

29. The Complaint, and each count thereof, fails to state a claim upon which relief can be granted against defendant.

30. This Court lacks personal jurisdiction over the defendant.

31. Any exploitation of film featuring the band Lynyrd Skynyrd engaged in by defendant was done pursuant to license.

32. Any and all amounts owed by defendant to its licensor have been paid.

33. Plaintiff's claims are barred by the doctrine of laches.

WHEREFORE, having fully answered, defendant asks that this Court award judgment in its favor, dismissing the Complaint, and awarding defendant its costs, expenses, and attorneys' fees incurred in defending this action.

Respectfully submitted,

/s/Louis A. Colombo
Louis A. Colombo (0025711)
Brandt W. Gebhardt (0079823)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)
lcolombo@bakerlaw.com
bgebhardt@bakerlaw.com

*Attorneys for Defendant Lions Gate Films, Inc.*

# CERTIFICATE OF SERVICE

A copy of the foregoing Answer was served upon each of the defendants via the Court's electronic filing system this 8th day of September, 2008.

s/Louis A. Colombo
One of the Attorneys for Defendant
RHI Entertainment Distribution, LLC