# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| REED, et al., | ) | |
|       Plaintiffs, | ) | CASE NO. 1:08CV1761 |
| | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
|       vs. | ) | |
| | ) | |
| | ) | |
| FREEBIRD FILM PRODUCTIONS, INC., | ) | |
| et al., | ) | |
| | ) | |
|       Defendants. | ) | |
| | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF FREEBIRD FILM PRODUCTIONS, INC.

Defendant Freebird Film Productions, Inc. (hereinafter "Freebird Film Productions"), through its counsel, responds to the Complaint of Plaintiffs Craig Reed ("Reed") and Survivor Films, Inc. ("Survivor" and, together with Reed, "Plaintiffs"), as follows:

1.      Freebird Film Productions admits that Reed for a time worked as a production and general assistant for the bands "Lynyrd Skynyrd," "The Rossington-Collins Band," and "The Allen Collins Band." Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint and, on that basis, denies those allegations.

2.      Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, on that basis, denies those allegations. Freebird Film Productions further avers that Survivor appears to be a Florida corporation and not a Tennessee corporation, as alleged in the Complaint.

Dockets.Justia.com

3.     Freebird Film Productions admits that:  Freebird Film Productions is organized under the laws of the State of Florida with its principal place of business in Orange Park, Florida; Defendant Rossington is the president and director of Freebird Film Productions; Defendant Jenness is the treasurer and statutory agent for Freebird Film Productions; and Freebird Film Productions was formerly known as Freebird Video Productions, Inc.  Freebird Film Productions admits that it produced a film entitled "Freebird the Movie."  Freebird Film Productions denies the remaining allegations contained in paragraph 3 of the Complaint.

4.     Freebird Film Productions  admits the allegations contained in paragraph 4 of the Complaint.

5.     Freebird Film Productions admits that Defendant Cabin Fever Entertainment, Inc. has produced and/or distributed a Lynyrd Skynyrd-related film product.   Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and, on that basis, denies those allegations.

6.     Freebird Film Productions admits that Vector Management, Inc. is a Tennessee corporation with its principal place of business in the Nashville, Tennessee metropolitan area.

7.     Freebird Film Productions admits that Defendant Jenness is the treasurer and statutory agent for Freebird Film Productions and was married to Ronnie Van Zant (Lynyrd Skynyrd's original lead singer).  Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and, on that basis, denies those allegations.

8.     Freebird Film Productions denies that Defendant Rossington resides within the State of California, but admits the remaining allegations contained in paragraph 8 of the Complaint.

9.     Freebird Film Productions admits that Defendant Schilling is a Tennessee resident, is employed by Vector, and presently serves as part of the management team for the band Lynyrd Skynyrd.  Freebird Film Productions denies the remaining allegations contained in paragraph 9 of the Complaint.

10.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, on that basis, denies those allegations.

11.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, on that basis, denies those allegations.

12.     Freebird Film Productions admits the allegations contained in paragraph 12 of the Complaint.

13.     Freebird Film Productions admits that Plaintiffs purport to base jurisdiction on 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367, avers that these allegations constitute legal conclusions that are not properly admitted nor denied, but for the purposes of answering only, denies the allegations made in paragraph 13 of the Complaint.

14.     FreeBird Film Productions denies the allegations contained in paragraph 14 of the Complaint.

15.     Freebird Film Productions denies the allegations contained in paragraph 15 of the Complaint.

16.     Freebird Film Productions admits that Reed has worked as a production and general assistant for Lynyrd Skynyrd, The Rossington-Collins Band, and The Allen Collins Band, and also toured with those bands.  Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint and, on that basis, denies those allegations.

17.     Freebird Film Productions admits that Reed worked as a production and general assistant for Lynyrd Skynyrd commencing in or around 1974 through October 20, 1977, and commencing in or around 1987 until 2005.  Freebird Film Productions admits that Lynyrd Skynyrd performed in Cleveland, Ohio in April 2008.  Freebird Film Productions denies the remaining allegations contained in paragraph 17 of the Complaint, including that Reed rendered services for Lynyrd Skynyrd in April 2008 when the band performed in Cleveland, Ohio.

18.     Freebird Film Productions admits that Reed shot concert and "behind the scenes" film footage containing various members of Lynyrd Skynyrd and its crew, but denies that Reed did so "as a personal project and hobby."  Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint and, on that basis, denies those allegations.

19.     Freebird Film Productions admits that:  on October 20, 1977, while on tour with Lynyrd Skynyrd, Reed was a passenger on an airplane that crashed in Mississippi; the crash claimed the lives of the pilot, co-pilot, and four passengers (including Lynyrd Skynyrd's lead singer, Ronnie Van Zant); and the crash left the surviving passengers injured.  Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and, on that basis, denies those allegations.

20.     Freebird Film Productions admits that Lynyrd Skynyrd temporarily disbanded after the October 20, 1977 plane crash.  Freebird Film Productions admits that Lynyrd Skynyrd reformed in or around 1987 with Johnny Van Zant, the younger brother of the late Ronnie Van Zant, as lead singer.

21.     Freebird Film Productions admits the allegations contained in paragraph 21 of the Complaint.

22.     Freebird Film Productions admits that Reed worked for Lynyrd Skynyrd in various capacities after Lynyrd Skynyrd's reformation in 1987.  Freebird Film Productions admits that Reed was the longest-standing member of Lynyrd Skynyrd's crew, and was one of the few crew members to have worked with the original band's lineup, but denies that Reed still works for Lynyrd Skynyrd.

23.     Freebird Film Productions admits that Lynyrd Skynyrd is a popular musical group, but denies that Lynyrd Skynyrd sells upwards of one million records each year and generates in excess of $10 million in touring revenue each year from performances throughout the United States.  Freebird Film Productions admits that Lynyrd Skynyrd occasionally plays shows in Ohio.  Freebird Film Productions admits that, in 2006, Lynyrd Skynyrd was inducted into the Rock and Roll Hall of Fame.  Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint and, on that basis, denies those allegations.

24.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, on that basis, denies those allegations.

25.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, on that basis, denies those allegations.

26.     Freebird Film Productions denies the allegations contained in paragraph 26 of the Complaint.

27.     Freebird Film Productions denies the allegations contained in paragraph 27 of the Complaint.

28.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, on that basis, denies those allegations.

29.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, on that basis, denies those allegations.

30.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, on that basis, denies those allegations.

31.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, on that basis, denies those allegations.

32.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, on that basis, denies those allegations.

33.     Freebird Film Productions admits that, on or about July 31, 1995, Reed and Freebird Film Productions, formerly known as Freebird Video Productions, Inc., entered into a written agreement concerning Freebird Film Productions' possible use of Reed's film footage in a documentary film and certain other uses of the footage, avers that this written agreement speaks for itself, and denies the remaining allegations contained in paragraph 33 of the Complaint.

34.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, on that basis, denies those allegations.

35.     Freebird Film Productions admits that a documentary film about the original Lynyrd Skynyrd band entitled "Freebird the Movie" was produced by Freebird Film Productions, formerly Freebird Video Productions, Inc., and Defendant Cabin Fever Entertainment, Inc.

36.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, on that basis, denies those allegations.

37.     Freebird Film Productions, formerly known as Freebird Video Productions, Inc., admits that it served as one of the production companies for the documentary film "Freebird the Movie."

38.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, on that basis, denies those allegations.

39.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, on that basis, denies those allegations.

40.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, on that basis, denies those allegations.

41.     Freebird Film Productions admits that Defendant Rossington, inasmuch as he was a member of the original Lynyrd Skynyrd band, appeared in "Freebird the Movie," but denies that Mr. Rossington "was an actor" in the film.

42.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, on that basis, denies those allegations.

43.     Freebird Film Productions denies the allegations contained in paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint attempts to interpret a written agreement or states a legal conclusion for which no response is required.  Freebird Film Productions avers, however, that the written agreement referred to in paragraph 44 of the Complaint speaks for itself.

45.     Freebird Film Productions, formerly known as Freebird Video Productions, Inc., denies that it failed to pay Reed under the Documentary Agreement (as that term is defined in paragraph 33 of the Complaint).  Freebird Film Productions avers that it has fully performed all of its obligations owed to Reed under the Documentary Agreement.  Freebird Film Productions further avers that it lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations contained in paragraph 45 of the Complaint and, on that basis, denies those allegations.

46.     Plaintiffs alleged in paragraph 34 of the Complaint that Reed provided a copy of Reel 1 to Defendant Cabin Fever Entertainment, Inc. – not to "Defendants" (as alleged in paragraph 46 of the Complaint).  Regardless, Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, on that basis, denies those allegations.

47.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, on that basis, denies those allegations.

48.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and, on that basis, denies those allegations.

49.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, on that basis, denies those allegations.

50.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, on that basis, denies those allegations.

51.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and, on that basis, denies those allegations.

52.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and, on that basis, denies those allegations.

53.     Freebird Film Productions denies the allegations contained in paragraph 53 of the Complaint.

54.     Freebird Film Productions admits that portions of some film footage taken by Reed were displayed at live concert events where Lynyrd Skynyrd performed.  Freebird Film Productions denies that the film footage was displayed without Reed's knowledge, consent, and agreement.  Freebird Film Productions denies the remaining allegations contained in paragraph 54 of the Complaint.

55.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and, on that basis, denies those allegations.

56.     Freebird Film Productions denies the allegations contained in paragraph 56 of the Complaint.

57.     Freebird Film Productions denies the allegations contained in paragraph 57 of the Complaint.

58.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Complaint and, on that basis, denies those allegations.

59.     Freebird Film Productions admits that portions of some film footage taken by Reed were used in the DVD entitled LYNYRD SKYNYRD – LYVE FROM STEEL TOWN.

Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 and, on that basis, denies those allegations.

60.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and, on that basis, denies those allegations.

61.     Freebird Film Productions admits that certain film footage of Lynyrd Skynyrd shot by Reed was used in the DVD entitled LYNYRD SKYNYRD LYVE – THE VICIOUS CYCLE TOUR.  Freebird Film Productions denies the remaining allegations contained in paragraph 61 of the Complaint.

62.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and, on that basis, denies those allegations.

63.     Freebird Film Productions denies the allegations contained in paragraph 63 of the Complaint inasmuch as no DVD titled 2003 NASHVILLE LIVE exists.

64.     Freebird Film Productions admits that excerpts of film footage shot by Reed were used in a music video for the song SIMPLE MAN.  Freebird Film Productions denies the remaining allegations contained in paragraph 64 of the Complaint.

65.     Freebird Film Productions admits that excerpts of film footage shot by Reed were used in a music video for the song FREEBIRD.  Freebird Film Productions denies the remaining allegations contained in paragraph 65 of the Complaint.

66.     Freebird Film Productions denies the allegations contained in paragraph 66 of the Complaint.

67.     Freebird Film Productions avers that it exercised its rights under the Documentary Agreement (as that term is defined in paragraph 33 of the Complaint), and denies the remaining allegations contained in paragraph 67 of the Complaint.

68.     Freebird Film Productions admits that Fly On, Inc. was involved in Lynyrd Skynyrd's live concerts commencing in or around November 19, 2001, and denies the remaining allegations contained in paragraph 68 of the Complaint.

69.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and, on that basis, denies those allegations.

70.     Freebird Film Productions denies that Vector Management, Inc. was involved in any Lynyrd Skynyrd project prior to 1999, including the LYNYRD SKYNYRD – LYVE FROM STEEL TOWN DVD.  Freebird Film Productions admits that Vector Management, Inc. managed the career of Lynyrd Skynyrd and certain of its members during the time period that one or more of the other video projects listed in paragraphs 59-66 of the Complaint were created, duplicated, distributed, marketed, and/or sold, but denies that Vector Management, Inc. directly created, duplicated, distributed, marketed, or sold any of these video projects.  Freebird Film Productions further avers that any use of any film footage shot by Reed and used in such projects was used with Reed's knowledge, consent, and agreement.   Freebird Film Productions denies the remaining allegations contained in paragraph 70 of the Complaint.

71.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint and, on that basis, denies those allegations.

72.     Freebird Film Productions admits that Defendant Rossington performed in Lynyrd Skynyrd's live shows and music videos, some of which are the subjects of paragraphs 59-66 of the Complaint.   Freebird Film Productions denies the remaining allegations of paragraph 72 of the Complaint.

73.     Freebird Film Productions avers that there is no defendant in this action defined as "Van Zant" and, on that basis, denies the allegations contained in paragraph 73 of the Complaint.

74.     Freebird Film Productions denies that Defendant Schilling was involved in any Lynyrd Skynyrd project prior to 1999, including the LYNYRD SKYNYRD – LYVE FROM STEEL TOWN DVD.   Freebird Film Productions admits that Defendant Schilling, as an employee of Vector Management, Inc., participated in the management of the career of Lynyrd Skynyrd and certain of its members during the time period that one or more of the other video projects listed in paragraphs 59-66 of the Complaint were created, duplicated, distributed, marketed, and/or sold, but denies that Defendant Schilling directly created, duplicated, distributed, marketed, or sold any of these video projects.   Freebird Film Productions further avers that any use of any film footage shot by Reed and used in such projects was used with Reed's knowledge, consent, and agreement.   Freebird Film Productions denies the remaining allegations contained in paragraph 74 of the Complaint.

75.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint and, on that basis, denies those allegations.

76.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint and, on that basis, denies those allegations.

77.     Freebird Film Productions denies the allegations of paragraph 77 of the Complaint.

78.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint and, on that basis, denies those allegations.

79.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint and, on that basis, denies those allegations.

80.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint and, on that basis, denies those allegations.

81.     Freebird Film Productions denies that Vector Management, Inc. benefited financially from Lynyrd Skynyrd projects prior to 1999.  Freebird Film Productions admits that Vector Management, Inc. benefited financially from the career of Lynyrd Skynyrd during the time period that one or more of the video projects listed in paragraphs 59-66 of the Complaint were released, but denies the remaining allegations contained in paragraph 81 of the Complaint.

82.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint and, on that basis, denies those allegations.

83.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint and, on that basis, denies those allegations.

84.     Freebird Film Productions avers that there is no defendant in this action defined as "Van Zant" and, on that basis, denies the allegations contained in paragraph 84 of the Complaint.

85.     Freebird Film Productions denies the allegations contained in paragraph 85 of the Complaint.

86.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint and, on that basis, denies those allegations.

87.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint and, on that basis, denies those allegations.

88.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint and, on that basis, denies those allegations.

89.     Freebird Film Productions denies the allegations contained in paragraph 89 of the Complaint.

90.     Freebird Film Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint and, on that basis, denies those allegations.

**<u>Answer to Count I</u>**

91.     Freebird Film Productions incorporates herein by reference all allegations, statements, denials, and admissions contained in the previous paragraphs.

92.     Freebird Film Productions admits that, on or about July 31, 1995, Reed and Freebird Film Productions, formerly known as Freebird Video Productions, Inc., entered into a written agreement concerning Freebird Film Productions' possible use of Reed's film footage in a documentary film and certain other uses of the footage, avers that this written agreement speaks for itself, and denies the remaining allegations contained in paragraph 92 of the Complaint.

93.     Freebird Film Productions denies that all "Defendants" had obligations to Reed under the Documentary Agreement (as that term is defined in paragraph 33 of the Complaint) and answers that the Documentary Agreement speaks for itself. Plaintiffs' allegations contained in paragraph 93 of the Complaint constitute an attempt to interpret that agreement or a legal conclusion for which no response is required.

94.     Freebird Film Productions denies that Freebird Film Productions, formerly known as Freebird Video Productions, Inc., failed to make any payments to Reed that were due under the Documentary Agreement (as that term is defined in paragraph 33 of the Complaint) or that it otherwise breached the Documentary Agreement. Freebird Film Productions avers that Defendant Cabin Fever Entertainment, Inc. is not a party to the Documentary Agreement and, on that basis, denies the remaining allegations contained in paragraph 94 of the Complaint.

95.     Freebird Film Productions denies the allegations contained in paragraph 95 of the Complaint.

96.     Freebird Film Productions denies the allegations contained in paragraph 96 of the Complaint, including, but not limited to, the assumption that it breached the Documentary Agreement (as that term is defined in paragraph 33 of the Complaint).

## Answer to Count II

97.     Freebird Film Productions incorporates herein by reference all allegations, statements, denials, and admissions contained in the previous paragraphs.

98.     Freebird Film Productions denies the allegations contained in paragraph 98 of the Complaint.

99.     Freebird Film Productions denies the allegations contained in paragraph 99 of the Complaint.

100.     Freebird Film Productions denies the allegations contained in paragraph 100 of the Complaint, including, but not limited to, that a Certificate of Registration for Reel 1 was attached as Exhibit A to the Complaint.  Freebird Film Productions avers that there is no Exhibit A to the Complaint.  Freebird Film Productions further avers that any copyright registration Reed or Survivor filed and obtained for Reel 1 is invalid as a matter of law.

101.     Freebird Film Productions denies the allegations contained in paragraph 101 of the Complaint, including, but not limited to, that a Certificate of Registration for Reel 2 was attached as Exhibit B to the Complaint.  Freebird Film Productions avers that there is no Exhibit B to the Complaint.  Freebird Film Productions further avers that any copyright registration Reed or Survivor filed and obtained for Reel 2 is invalid as a matter of law.

102.     Freebird Film Productions denies the allegations of paragraph 102 of the Complaint.

103.     Freebird Film Productions denies the allegations of paragraph 103 of the Complaint.

104.     Freebird Film Productions denies the allegations of paragraph 104 of the Complaint.

105.     Freebird Film Productions denies the allegations of paragraph 105 of the Complaint.

106.     Freebird Film Productions denies the allegations of paragraph 106 of the Complaint.

107.     Freebird Film Productions denies the allegations of paragraph 107 of the Complaint.

108.     Freebird Film Productions denies the allegations of paragraph 108 of the Complaint.

109.     Freebird Film Productions denies that it infringed Plaintiffs' alleged copyrights in Reel 1 and/or Reel 2, and deny the remaining allegations contained in paragraph 109 of the Complaint.

110.     Freebird Film Productions denies the allegations contained in paragraph 110 of the Complaint, including, but not limited to, the assumption that Freebird Film Productions infringed Plaintiffs' alleged copyrights in Reel 1 and/or Reel 2.

### General Denial

111.     Freebird Film Productions denies each and every allegation not expressly admitted herein and denies that Reed or Survivor is entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

112.     The claims asserted in the Complaint fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

113.     The Court does not have subject matter jurisdiction over the claims asserted in the Complaint.

### THIRD DEFENSE

114.     The Court lacks personal jurisdiction over Freebird Film Productions.

### FOURTH DEFENSE

115.     Plaintiffs' recovery is barred by the doctrines of laches, estoppel, ratification, and/or waiver.

### FIFTH DEFENSE

116.     Plaintiffs' recovery is barred by the doctrine of fair use under the Copyright Act, 17 U.S.C. § 107.

### SIXTH DEFENSE

117.     Plaintiffs' recovery is barred because Reed had knowledge of and consented to, *i.e.*, licensed, the use of the works complained of herein.

### SEVENTH DEFENSE

118.     Plaintiffs' recovery is barred because the Documentary Agreement (as that term is defined in paragraph 33 of the Complaint) contemplates and permits the use of the works complained of herein.

## EIGHTH DEFENSE

119.    Plaintiffs' recovery is barred because Reed is not the author of the works complained of herein.

## NINTH DEFENSE

120.    Plaintiffs' claims are barred by applicable statutes of limitation and, in particular, the Copyright Act's statute of limitations set forth at 17 U.S.C. § 507(b).

## TENTH DEFENSE

121.    Plaintiffs' claims are barred because Freebird Film Productions was privileged to take certain actions complained of herein.

## ELEVENTH DEFENSE

122.    Plaintiffs' recovery is barred by the doctrine of unclean hands.

## TWELFTH DEFENSE

123.    Plaintiffs are not entitled to receive attorneys' fees or statutory damages.

## THIRTEENTH DEFENSE

124.    Freebird Film Productions respectfully reserves the right to amend its Answer to the Complaint to add such additional defenses, cross-claims, counterclaims, and/or third-party complainants as may be disclosed during the discovery of this matter.


WHEREFORE, Defendant Freebird Film Productions, Inc., having fully answered the claims asserted in Plaintiffs' Complaint, respectfully requests the Court to dismiss the claims with prejudice, award Freebird Film Productions its fees, including attorneys' fees, costs, and expenses in defending against Plaintiffs' claims, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

DATED:  September 12, 2008       BENESCH, FRIEDLANDER,
      COPLAN & ARONOFF LLP


      /s/ Mark E. Avsec
Mark E. Avsec (0064472)
mavsec@bfca.com
Bryan A. Schwartz (0078527)
bschwartz@bfca.com
Angela Gott (0082198)
agott@bfca.com
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio  44114-2378
Telephone:  (216) 363-4500
Facsimile:  (216) 363-4588

Attorneys for DEFENDANT
FREEBIRD FILM PRODUCTIONS, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 12, 2008, a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF FREEBIRD FILM PRODUCTIONS, INC.** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                             /s/ Mark E. Avsec
                          One of the Attorneys for Defendant FREEBIRD
                          FILM PRODUCTIONS, INC.