## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **CRAIG REED, et al.,** | : | |
| | : | **Case No.:  1:08-cv-1761** |
| **Plaintiffs,** | : | |
| | : | **Judge Christopher A. Boyko** |
| **v.** | : | |
| | : | |
| **FREEBIRD FILM PRODUCTIONS, INC., et al.,:** | | **Report of Parties' Planning** |
| | : | **Meeting Under Fed. R. Civ. P.** |
| **Defendants.** | : | **26(f) and L.R. 16.3(b)** |

1.      Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on September 4, 2008, and was attended by:

> T. Earl LeVere, counsel for Plaintiffs Craig Reed and Survivor Films, Inc. ("Plainitffs")

> Mark Avsec and Brian Schwartz, counsel for Defendants Freebird Film Productions, Inc., Fly On, Inc., Vector Management, Inc., Gary Rossington, Ross Schilling, and Lynyrd Skynyrd Productions, Inc. (the "Skynyrd Defendants")

> Louis A. Colombo, counsel for Defendant Artisan Entertainment, Inc and Hallmark Entertainment Distribution LLC (the "Artisan/Hallmark Defendants")

2.      The parties have exchanged the pre-discovery disclosures required by Rule 26(a)(1) and the Court's prior order.

3.      Counsel for the parties disagreed as to what track would be most appropriate for this case.  Plaintiffs' counsel opined that this case should be placed on the complex track. Counsel for the Skynyrd Defendants and Artisan/Hallmark Defendants opined that this case should be placed on the standard track.  The parties' counsel agreed that a recommendation of complex track (with associated extended deadline dates) could be recommended to the Court for purposes of submitting this report.  However, the parties will seek the Court's input and guidance at the Case Management Conference as to which track is most appropriate.

{H1324646.3 }

4.     Pursuant to Local Rule 5.1(c), all documents must be electronically filed absent a showing of good cause.

5.     This case is not suitable for ADR at this time but may be after discovery.

6.     The parties do not consent to the jurisdiction of the United States Magistrate judge pursuant to 28 U.S.C. § 636(c).

7.     Recommended Discovery Plan (the below dates were chosen on the assumption that the Court agrees with Plaintiffs that the complex track applies):

　　　a.  Describe the subjects, nature, and extent of discovery

The parties anticipate interrogatories and document discovery followed by depositions as necessary.   Specifically, Plaintiffs anticipate seeking documents related to the extent of Defendants' uses of the copyrighted works referenced in the Complaint and the extent of Defendants' reproduction and sales of products containing portions of Plaintiffs' copyrighted works.   Plaintiffs expect to depose one or more individuals on issues related to Defendants' uses and sales of Plaintiffs' works and on issues related to the agreements for such uses, if any, between the Plaintiffs and the various Defendants.   Plaintiffs expect to retain at least a financial/damages expert as well as rebuttal experts in the event that Defendants proffer any expert testimony.

Discovery will be sought by the Skynyrd Defendants regarding, among other things, the alleged infringement of Plaintiffs' works and alleged breach of contract referenced in the Complaint.   Specifically, the Skynyrd Defendants expect to seek discovery from Reed concerning: any agreements Reed and one or more of the Skynyrd Defendants made concerning the use of the works referenced in the Complaint; Reed's duties as an employee of Lynyrd Skynyrd when he was employed by Lynyrd Skynyrd and why he was terminated; and which

portions of the Film (as such term is defined in the Complaint) were allegedly used in which products. If Plaintiffs cannot identify the latter, then the Skynyrd Defendants may retain an expert witness to make this determination. The Skynyrd Defendants will request from Plaintiffs copies of the deposit materials that were submitted with Plaintiffs' two copyright applications. The Skynyrd Defendants would retain a rebuttal financial damages expert if Plaintiffs retained a financial damages expert. The Skynyrd Defendants reserve the right to retain other rebuttal experts in the event that Defendants proffer other expert testimony. The Skynyrd Defendants believe that Plaintiffs' breach of contract claim (Count One) can readily be addressed by the exchange of the relevant accounting/royalty statement(s). Freebird Film Productions, Inc. will seek an updated royalty statement from the Artisan/Hallmark Defendants concerning "Freebird . . . the Movie."

The Artisan/Hallmark Defendants (now RHI Entertainment and Lions Gate) will seek documents and testimonial discovery related to the basis for the Plaintiffs' claim that they were involved in violating any of the Plaintiffs' alleged copyrights, which the Artisan/Hallmark Defendants deny. Insofar as the contract claim is concerned, it does not appear that Plaintiffs are in privity with these Defendants so as to be able to assert a contract claim against them, and the Artisan/Hallmark Defendants do not anticipate much discovery with respect to this claim.

    b. Non-Expert discovery cut-off date: September 19, 2009

    c. Primary expert report due date: October 20, 2009

    d. Rebuttal expert report due date: December 5, 2009

    e. Expert discovery cut-off date: January 19, 2010

8. Recommended cut-off date for amending the pleadings and/or adding additional parties: October 27, 2008

9.     Recommended dispositive motion date:  February 18, 2010

10.    Recommended date for a Status Hearing/Settlement Conference:  May 2009

11.    Other matters for the attention of the Court:  Plaintiffs are still in the process of perfecting service upon Defendant Judy Van Zant Jenness, the only party who remains not served.  Although served, Cabin Fever Entertainment, Inc. has not yet entered an appearance. The remaining parties in the action anticipate submitting a stipulated protective order for consideration by the Court to address the production of confidential documents and information. The parties are also working to reach an agreement and protocol for the production of electronically stored information.  Finally, the parties are considering the substitution of parties based on assignments of rights and changes in corporate structure of certain of the defendants.

Respectfully submitted,

<table>
<tr><td>s/ T. Earl LeVere</td><td>s/ Mark E. Avsec</td></tr>
<tr><td>H. Alan Rothenbuecher (0041883)<br>  hrothenbucher@szd.com<br>T. Earl LeVere  (0063515)<br>  elevere@szd.com<br>Schottenstein Zox & Dunn Co., LPA<br>US Bank Centre at Playhouse Square<br>1350 Euclid Avenue, Suite 1400<br>Cleveland, Ohio 44115<br>Telephone:     216-621-6501<br>Facsimile:     216-394-5092<br>Attorneys for Plaintiffs Craig Reed and<br>Survivor Films, Inc.</td><td>Mark E. Avsec (0064472)<br>  mavsec@bfca.com<br>Bryan A. Schwartz (0078527)<br>  bschwartz@bfca.com<br>Angela R. Gott (0082198)<br>  agott@bfca.com<br>Benesch, Friedlander, Coplan & Aronoff LLP<br>200 Public Square, Suite 2300<br>Cleveland, Ohio 44114-2378<br>Telephone:     216-363-4500<br>Facsimile:     216-363-4588<br>Attorneys for Defendants Freebird Film<br>Productions, Inc., Fly On, Inc., Vector<br>Management, Inc., Gary Rossington, Ross<br>Schilling, and Lynyrd Skynyrd Productions,<br>Inc.</td></tr>
</table>

s/ Brandt W. Gebhardt
Louis A Colombo (0025711)
  lcolombo@bakerlaw.com
Brandt W. Gebhardt (0079823)
  bgebhardt@bakerlaw.com
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114-3485
Telephone:    216-621-0200
Facsimile:    216-696-0740
Attorneys for Artisan Entertainment, Inc. and
Hallmark Entertainment Distribution LLC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Report of the Parties' Planning Meeting Under Fed. R. Civ. P. 26(f) and L.R. 16.3(b) was served upon the following parties, via ordinary U.S. Mail, postage prepaid, this 23rd day of September 2008.

| | |
|---|---|
| Cabin Fever Entertainment, Inc. | Judy Van Zant Jenness |
| c/o Martha J. Weiss, Esq. | 500 Ocean Boulevard |
| Senior Corporate Counsel | Atlantic Beach, FL 32233 |
| UST | |
| 6 Highridge Park | |
| Building A | |
| Stanford, CT  06905-1323 | |

s/ T. Earl LeVere
T. Earl LeVere