IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CRAIG REED, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> FREEBIRD FILM PRODUCTIONS, INC., et al., <br><br> Defendants. | CASE NO. 1:08-CV-01761 <br><br> JUDGE CHRISTOPHER A. BOYKO <br><br> **STIPULATED MOTION FOR PROTECTIVE ORDER** |

Defendant RHI Entertainment Distribution, LLC, successor in interest to named defendant Hallmark Entertainment Dist., LLC, and Defendant Lions Gate Films, Inc., successor in interest to named defendant Artisan Entertainment, Inc., (collectively, the "RHI/Lions Gate Defendants") through their undersigned attorneys, hereby move the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for entry of the Stipulated Protective Order submitted herewith.

Counsel for Plaintiffs Craig Reed and Survivor Films, Inc., consented to this Motion and to the entry of the attached Stipulated Protective Order by email on October 20, 2008.

Counsel for Defendants Freebird Film Productions, Inc.; Fly On, Inc.; Cabin Fever Entertainment, Inc.; Vector Management, Inc.; Gary Rossington; Ross Schilling; and Lynyrd Skynyrd Productions, Inc., consented to this Motion and to the entry of the attached Stipulated Protective Order by email on October 20, 2008.

WHEREFORE, the RHI/Lions Gate Defendants respectfully request that this Motion be granted.

Dated October 20, 2008 Respectfully submitted,

/s/ Brandt Gebhardt

Louis A. Colombo (0025711)
Brandt W. Gebhardt (0079823)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)
lcolombo@bakerlaw.com
bgebhardt@bakerlaw.com

*Attorneys for Defendants RHI
ENTERTAINMENT DISTRIBUTION, LLC,
and LIONS GATE FILMS, INC.*

/s/ Mark E. Avsec [with permission]

Mark E. Avsec (0064472)
Bryan A. Schwartz (0078527)
Angela Gott (0082198)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
(216) 363-4500 (telephone)
(216) 363-4588 (facsimile)
mavsec@bfca.com
bschwartz@bfca.com
agott@bfca.com

*Attorneys for Defendants FREEBIRD FILM PRODUCTIONS, INC.; FLY ON, INC.; CABIN FEVER ENTERTAINMENT, INC.; VECTOR MANAGEMENT, INC.; GARY ROSSINGTON; ROSS SCHILLING; and LYNYRD SKYNYRD PRODUCTIONS, INC.*


/s/ H. Alan Rothenbuecher [with permission]

H. Alan Rothenbuecher (0041883)
T. Earl LeVere (0063515)
SCHOTTENSTEIN ZOX & DUNN CO., LPA
US Bank Centre at Playhouse Square
1350 Euclid Avenue, Suite 1400
Cleveland, Ohio 44115
(216) 621-6501 (telephone)
(216) 394-5092 (facsimile)
hrothenbucher@szd.com
elevere@szd.com

*Attorneys for Plaintiffs CRAIG REED AND SURVIVOR FILMS, INC.*

# CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2008, a copy of this Stipulated Motion for Protective Order was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s/ Brandt Gebhardt
Brandt W. Gebhardt (0079823)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)
bgebhardt@bakerlaw.com

*One of the Attorneys for Defendants RHI ENTERTAINMENT DISTRIBUTION, LLC, and LIONS GATE FILMS, INC.*

041977, 000001, 502059044

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CRAIG REED, et al.,<br><br>       Plaintiffs,<br><br>vs.<br><br>FREEBIRD FILM PRODUCTIONS, INC., et al.,<br><br>       Defendants. | CASE NO. 1:08-CV-01761<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and at the request and consent of the parties, this Protective Order is entered for the purpose of affording the parties the means of protecting information deemed by them to be secret or confidential.

I. **DEFINITION OF CONFIDENTIAL INFORMATION**

The term "Confidential Information" shall be interpreted to mean trade secrets as defined under the Uniform Trade Secrets Act and applicable case law; other confidential, proprietary, technical, research, or development information; commercial, financial, sales, budgeting and/or accounting information; information about existing and potential customers and licensees; marketing studies, performance, and projections; business strategies, decisions and/or negotiations; personnel compensation, evaluations and other employment information; confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have had business relationships; and any other information, the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the parties and any of their affiliated companies. Confidential Information shall

expressly exclude that which is public knowledge through no fault of the parties, their counsel, or any of the persons referenced in Paragraph IV.B, *infra*.

The scope of this Order shall be understood to encompass not only those items or things that are expressly designated as Confidential Information, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

II. **DESIGNATION OF CONFIDENTIAL INFORMATION**

Any information produced in this action that is reasonably believed by the producing party to contain Confidential Information may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" as appropriate in light of the following guidelines:

A. **"Confidential-Attorneys Eyes Only"**

Confidential Information designated as "Confidential-Attorneys Eyes Only" shall be reserved for (a) sales, manufacturing, or product development strategies, tactics, projections, or forecasts, or customer lists or sales force composition; (b) agreements, licenses, purchase orders, invoices, or other sales documents; and (c) product research, development, testing, engineering, and design information.

B. **"Confidential"**

Confidential Information that falls outside the scope of paragraph II.A shall be designated as "Confidential."

C. **Procedure for Designation**

Documents, tangible things, and information for which the protection of this Order is sought shall be designated in accordance with the following procedures:

1. Printed Materials. For printed materials, each page of the document in which the disclosing party claims Confidential Information appears shall be clearly and prominently

marked with the legend "Confidential" or "Confidential–Attorneys Eyes Only," as appropriate.

2. <u>Electronic Materials</u>. When viewed or otherwise accessed, electronically-stored materials asserted by a party to contain Confidential Information shall display the legend "Confidential" or "Confidential–Attorneys Eyes Only," as appropriate, or, alternatively, the diskette, compact disc, or other medium or container in which the materials are provided shall be clearly and prominently marked with the legend "Confidential" or "Confidential–Attorneys Eyes Only," as appropriate.

3. <u>Deposition Transcripts</u>. For depositions, designation of the portion of the transcript (including exhibits) that contain Confidential Information shall be designated by a statement to such effect on the record during the course of the deposition or by designation in writing within ten (10) days of the delivery of the transcript; if the designation is made during the course of a deposition, the reporter transcribing the deposition shall bind the transcript thereof in separate portions containing the un-designated portion, and the designated portion, and the reporter shall write or stamp the words "Confidential" or "Confidential–Attorneys Eyes Only," as appropriate, on the cover of the relevant portions of the transcript, provided, however, that the parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further Court order. If any ambiguity arises in the course of this litigation concerning the portions of a deposition designated as "Confidential" or "Confidential–Attorneys Eyes Only," counsel for the parties shall work together in good faith to resolve any such ambiguity. If any such ambiguity is identified in writing and with particularity to the party making the confidentiality designation, said party shall promptly respond in writing and with particularity, including, as necessary, confidentiality designations made by line and page number.

### III. SCOPE OF PROTECTIVE ORDER

All documents and discovery materials designated as Confidential Information by the party revealing or disclosing the information shall be treated as confidential for purposes of this Order. The party or third party designating material as Confidential Information may only designate material which contains information that falls within the definitions set forth above.

### IV. PERSONS TO WHOM CONFIDENTIAL INFORMATION MAY BE DISCLOSED

#### A. "Confidential" Information

Except as provided by this Protective Order, information designated as "Confidential" may be disclosed only to: (1) the parties to this action, including any current employees or former employees of any party to the extent reasonably necessary for purposes of prosecuting or defending this action; (2) the parties' outside litigation counsel in this action; (3) the support staff and legal assistants for those attorneys; (4) experts and consultants retained by those attorneys; and (5) court reporters and videotape technicians employed in depositions in this action.

#### B. "Confidential-Attorneys Eyes Only" Information

Except as otherwise provided by this Protective Order, information designated as "Confidential-Attorneys Eyes Only" may be disclosed only to: (1) the parties' outside litigation counsel of record in this action; (2) support staff and legal assistants for those attorneys; (3) experts and consultants who are not now and never have been employees of the parties; and (4) court reporters and videotape technicians employed in depositions in this action.

Other than counsel of record and their staff, any person to whom Confidential Information is disclosed shall before such disclosure agree to be bound by this Protective Order by signing a copy of the document in the form attached as Exhibit A.

### V.    DISCLOSURE PURSUANT TO CONSENT

Confidential Information may also be disclosed to anyone so authorized by prior written consent of the designating party or non-party.

### VI.    DISCLOSURE OF CONFIDENTIAL TRANSCRIPTS TO THE DEPONENT

Deposition transcripts containing Confidential Information may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless she/he agrees to be bound by this Protective Order by signing a copy of the document in the form attached as Exhibit A and unless such deponent is a person authorized to review such information under this Order.

### VII.    EXCEPTIONS

The limitations contained in this Protective Order shall not apply to any disclosure of documents, or the contents thereof, to persons who were the authors or addressees of those documents, or who actually received copies.

The limitations contained in this Protective Order shall not apply to documents that, without otherwise violating the Protective Order: (a) were already in the possession of the receiving party without a restriction from any party to this litigation; (b) are received from a non-litigating party without restriction; or (c) are or become published.

### VIII.    LIMITED USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION

No person to whom Confidential Information is disclosed shall use that information for any purpose other than for the prosecution, or defense of this litigation. Information that is designated as Confidential Information may not be disclosed except as provided by this Protective Order.

**IX.** **MAKING COPIES OF DISCOVERY MATERIAL**

No copies of Confidential Information shall be made except by or on behalf of counsel of record in this case. Counsel shall ensure that all copies of Confidential Information remain in their possession or the possession of those entitled to access to this Information under this Order.

**X.** **PROTECTING CONFIDENTIAL INFORMATION AT DEPOSITIONS**

No person may refuse to answer any questions at a deposition on the sole ground that the question requires the person to reveal Confidential Information. Depositions shall proceed upon the following basis: prior to answering the deposition question or questions which require the deponent to reveal or discuss Confidential Information, all persons present other than counsel of record shall be advised of and shall agree to the terms and conditions of this Order and, at the request of the designating party, all persons not authorized to receive Confidential Information under this Order shall leave the room during the time in which this Information is disclosed or discussed.

**XI.** **USE OF CONFIDENTIAL INFORMATION IN PLEADINGS**

If Confidential Information is disclosed in any way in a pleading, motion, deposition, transcript, or other document filed with the Court, such documents shall be filed under seal pursuant to Local Rule 5.2 and other applicable rules. The person filing the documents shall present them in a sealable envelope or other appropriate sealable container that shows (a) the name, address, and telephone number of the person filing the documents, (b) identification by filing date of this Protective Order authorizing the sealing, and (c) the designation "Confidential" or "Confidential–Attorneys Eyes Only," as appropriate. A copy of this Protective Order shall be included with each envelope or container.

**XII.     USE OF CONFIDENTIAL INFORMATION AT TRIAL**

All objections as to admissibility into evidence of the discovery material subject to this Order are reserved until trial of this case. The use of Confidential Information as evidence at the trial of this case shall be subject to an order of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the material involved.

**XIII.    RETURN OF DISCOVERY MATERIALS**

The termination of proceedings in this action, to include the exhaustion of all appeals, shall not relieve the persons described above from the obligation of maintaining the confidentiality of all Confidential Information received pursuant to this Order, unless the Court orders or permits otherwise. At the conclusion of the case, namely upon the expiration of all applicable appeal periods, the parties may request the return of all previously furnished Confidential Information, and each person or party to whom such Information has been furnished or produced shall be obligated to return this Information within a reasonable time period, except that in lieu of returning copies, the party to whom they were produced may destroy them, if such party certifies, in writing, to the producing party that it has destroyed all copies and documents containing Confidential Information.

**XIV.    PROCEDURE FOR ELIMINATING CONFIDENTIAL STATUS**

If any party objects to the claim that discovery material should be deemed confidential, that party shall inform the opposing party by facsimile or email that the material should not be deemed confidential. The parties shall confer promptly in a good faith effort to narrow or resolve their disagreement. If the disagreement cannot be resolved, the party seeking to remove the confidential designation may use the procedure set forth in Local Rule 37.1(a) provided that the disagreement is referred to the Judicial Officer no later than thirty (30) calendar days after the parties have conferred regarding their disagreement. The material shall retain its confidential

status until the disagreement is resolved or the Judicial Officer decides a motion regarding the confidential designation. Failure to object to a designation upon receipt of the information shall not be considered a waiver of or agreement to the confidential designations of the opposing party.

## XV. NO WAIVER

The designation pursuant to this Order by counsel for a disclosing party of any material as constituting or containing Confidential Information is intended to facilitate the preparation and trial of this case, and such designation shall not be construed in any way as an admission or agreement by any other party that the designated information constitutes or contains any trade secret or confidential information as contemplated by law.

## XVI. CARE OF CONFIDENTIAL INFORMATION

Except as provided above, documents containing Confidential Information shall at all times be kept in the custody, control, and possession of each party's counsel of record. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Information. Each person entitled to access to Confidential Information shall first be advised by counsel making the disclosure that, pursuant to this Order, the person may divulge Confidential Information only to those persons entitled to knowledge of Confidential Information under this Order, and may discuss such Confidential Information only during the course of the preparation for trial of this action.

## XVII. RIGHT TO SEEK MODIFICATION

A party may seek to modify, limit or expand this Order. The terms of this Protective Order may be modified only by written agreement of counsel for the parties (subject to the Court's approval) or by further Order of the Court.

**XVIII. TERMINATION**

The provisions of this Protective Order shall not terminate at the conclusion of this litigation. Within ninety (90) days after the final termination of this litigation, each party that received documents, electronic media, or any other materials containing Confidential Information shall certify in writing to each party, person, or entity that produced such items that all copies and abstracts thereof have been returned or destroyed, as the case may be.

[This space is intentionally blank.]

Dated  October 20, 2008                    Respectfully submitted,


                                           /s/ Brandt Gebhardt
                                           _____

                                           Louis A. Colombo (0025711)
                                           Brandt W. Gebhardt (0079823)
                                           BAKER & HOSTETLER LLP
                                           3200 National City Center
                                           1900 East Ninth Street
                                           Cleveland, Ohio 44114
                                           (216) 621-0200 (telephone)
                                           (216) 696-0740 (facsimile)
                                           lcolombo@bakerlaw.com
                                           bgebhardt@bakerlaw.com

                                           *Attorneys for Defendants RHI
                                           ENTERTAINMENT DISTRIBUTION, LLC,
                                           and LIONS GATE FILMS, INC.*


                                           /s/ Mark E. Avsec [with permission]
                                           _____

                                           Mark E. Avsec (0064472)
                                           Bryan A. Schwartz (0078527)
                                           Angela Gott (0082198)
                                           BENESCH, FRIEDLANDER, COPLAN &
                                           ARONOFF LLP
                                           200 Public Square, Suite 2300
                                           Cleveland, Ohio 44114
                                           (216) 363-4500 (telephone)
                                           (216) 363-4588 (facsimile)
                                           mavsec@bfca.com
                                           bschwartz@bfca.com
                                           agott@bfca.com

                                           *Attorneys for Defendants FREEBIRD FILM
                                           PRODUCTIONS, INC.; FLY ON, INC.;
                                           CABIN FEVER ENTERTAINMENT, INC.;
                                           VECTOR MANAGEMENT, INC.; GARY
                                           ROSSINGTON; ROSS SCHILLING; and
                                           LYNYRD SKYNYRD PRODUCTIONS, INC.*

/s/ H. Alan Rothenbuecher [with permission]

H. Alan Rothenbuecher (0041883)
T. Earl LeVere (0063515)
SCHOTTENSTEIN ZOX & DUNN CO., LPA
US Bank Centre at Playhouse Square
1350 Euclid Avenue, Suite 1400
Cleveland, Ohio 44115
(216) 621-6501 (telephone)
(216) 394-5092 (facsimile)
hrothenbucher@szd.com
elevere@szd.com

*Attorneys for Plaintiffs CRAIG REED AND SURVIVOR FILMS, INC.*

SO ORDERED this ____ day of _____, 2008.

_____
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | |
|---|---|
| CRAIG REED, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>FREEBIRD FILM PRODUCTIONS, INC., et al.,<br><br>        Defendants. | CASE NO. 1:08-CV-01761<br><br>JUDGE CHRISTOPHER A. BOYKO |

**AGREEMENT CONCERNING
INFORMATION COVERED BY PROTECTIVE ORDER**

I understand that I am being given access to Confidential-Attorneys Eyes Only Information or Confidential Information pursuant to the Stipulated Protective Order entered in the above-captioned matter. I have read the Stipulated Protective Order and agree to be bound by its terms with respect to the handling of such Confidential-Attorneys Eyes Only Information or Confidential Information.

_____    _____
Date                                                           Signature

                                                                   _____
                                                                   Printed Name

041977, 000001, 502044520