**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CRAIG REED, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> FREEBIRD FILM PRODUCTIONS, INC., ) <br> *et al.*, ) <br> ) <br> Defendants. ) <br> ) | CASE NO. 1:08CV1761 <br><br> JUDGE CHRISTOPHER A. BOYKO <br><br> PLAINTIFFS' MOTION TO STRIKE AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF <u>LYNYRD SKYNYRD PRODUCTIONS, INC.</u> |

Plaintiffs filed their Complaint on July 22, 2008. On September 12, 2008, Lynyrd Skynyrd Productions, Inc. filed its Answer and Affirmative Defenses. Over three months later, and without Court permission or concurrence from Plaintiffs, Lynyrd Skynyrd Productions, Inc. unilaterally filed an amended answer to add counterclaims which do not arise out of the transactions or occurrences giving rise to Plaintiffs' claims. The entire pleading should be stricken as violating Fed. R. Civ. P. 15(a)(1)(B).

Specifically, Fed. R. Civ. P. 15(a)(1)(B) requires that a party seeking to amend its pleading may do so as a matter of course within twenty (20) days after the serving of the pleading <u>if</u> a responsive pleading is not allowed <u>and</u> the action is not yet on the trial calendar. Admittedly, this case is not yet on the trial calendar. However, more than twenty (20) days have passed since Lynyrd Skynyrd Productions filed its answer (to which a responsive pleading is not allowed). As a result, Lynyrd Skynyrd Productions was not entitled to usurp the Court's authority and unilaterally file its amended pleading. Instead, Lynyrd Skynyrd Productions was required to obtain leave of this Court or Plaintiffs' written consent before filing the amended pleading. Neither was obtained.

Not surprisingly, Plaintiffs will not consent to the amendment. The Court should also refuse such amendment because the proposed counterclaims are futile, unduly delayed, and done in bad faith with a dilatory motive. *See e.g.*, *Pratter v. Ohio Education Association*, 505 F.3d 437, 445 (6th Cir. 2007). Specifically, the counterclaims are time barred, have been otherwise waived, and are subject to an absolute fair use defense, rendering them futile. Second, the pleading is dilatory – by Lynyrd Skynyrd Productions' own admission, the claim it seeks to pursue arose in 2000. Third, it is pursued in bad faith – it is clear from the timing and substance of the counterclaims that Lynyrd Skynyrd Productions intends the counterclaims to distract the Court from their own liability and otherwise to heap more costs upon Plaintiffs so as to strong-arm Plaintiffs into foregoing further pursuit of their claims. The amendment will cause undue prejudice to Plaintiffs in that it will require them to spend significant and additional resources to conduct discovery and to prepare for trial. Finally, the amendment will otherwise delay and needlessly complicate the resolution of the dispute because the counterclaims do not arise out of the occurrences giving rise to Plaintiffs' claims. Accordingly, Lynyrd Skynyrd Productions' amendment should be stricken as having been improperly filed and the Court should exercise its discretion to deny Lynyrd Skynyrd Productions leave to file the amendment because it is futile, dilatory, and pursued in bad faith. *See Phelps v. McClellan*, 30 F.3d 658-663 (6th Cir. 1994).

Respectfully submitted,

/s/ H. Alan Rothenbuecher
H. Alan Rothenbuecher, Esq.
  hrothenbuecher@szd.com
T. Earl LeVere, Esq.
  elevere@szd.com
Schottenstein Zox & Dunn, Co., LPA
US Bank Center at Playhouse Square
1350 Euclid Avenue, Suite 1400
Cleveland, Ohio  44115
Phone: (216) 394-5075
Facsimile: (216) 394-5092

*Attorneys for Plaintiffs Craig Reed and Survivor Films, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2008, a copy of the foregoing *Plaintiffs' Motion to Strike Lynyrd Skynyrd Productions' Answer, Affirmative Defenses and Counterclaims* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ H. Alan Rothenbuecher
H. Alan Rothenbuecher