# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| REED, et al., <br>     Plaintiffs, <br><br> vs. <br><br> FREEBIRD FILM PRODUCTIONS, INC., et al., <br><br>     Defendants. | ) <br> )   CASE NO. 1:08-CV-1761 <br> ) <br> )   JUDGE CHRISTOPHER A. BOYKO <br> ) <br> ) <br> )   **LYNYRD SKYNYRD DEFENDANTS'** <br> )   **MOTION FOR LEAVE TO FILE CERTAIN** <br> )   **DOCUMENTS UNDER SEAL** <br> ) |

  Defendants Freebird Film Productions, Inc., Fly On, Inc., Vector Management, Inc., Gary Rossington, Ross Schilling, and Lynyrd Skynyrd Productions, Inc. (collectively, the "Lynyrd Skynyrd Defendants") hereby respectfully move this Court for an order granting them leave to file certain documents under seal related to the Lynyrd Skynyrd Defendants' Motion for Summary Judgment. Specifically, the Lynyrd Skynyrd Defendants request leave to file under seal: (a) a declaration from Gary Haber, President of Haber Corporation Certified Public Accountants, a company that provides financial and tax advice, tour accounting, royalties, and business management services for the musical group Lynyrd Skynyrd and (b) Exhibits F, G, H, L, and Q to the declaration of Mark E. Avsec, Partner of Benesch, Friedlander, Coplan & Aronoff LLP, counsel for the Lynyrd Skynyrd Defendants.

## The Protective Order

The Protective Order ("the Order") issued by the Court in this case on October 21, 2008 provides that any document filed with the Court in which Confidential Information is disclosed "in any way" shall be filed under seal. Specifically, Section XI of the Order states:

> If Confidential Information is disclosed in any way in a pleading, motion, deposition, transcript, or other document filed with the Court, such documents shall be filed under seal pursuant to Local Rule 5.2 and other applicable rules. The person filing the documents shall present them in a sealable envelope or other appropriate sealable container that shows (a) the name, address, and telephone number of the person filing the documents, (b) identification by filing date of this Protective Order authorizing the sealing, and (c) the designation "Confidential" or "Confidential–Attorneys Eyes Only," as appropriate. A copy of this Protective Order shall be included with each envelope or container.

"Confidential Information" is defined broadly in the Order to include, among other things, financial and/or accounting information. Specifically, Section I of the Order states:

> The term "Confidential Information" shall be interpreted to mean trade secrets as defined under the Uniform Trade Secrets Act and applicable case law; other confidential, proprietary, technical, research, or development information; commercial, financial, sales, budgeting and/or accounting information; information about existing and potential customers and licensees; marketing studies, performance, and projections; business strategies, decisions and/or negotiations; personnel compensation, evaluations and other employment information; confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have had business relationships; and any other information, the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the parties and any of their affiliated companies. Confidential Information shall expressly exclude that which is public knowledge through no fault of the parties, their counsel, or any of the persons referenced in Paragraph IV.B, *infra*.

Furthermore, the Order expressly provides in Section I that it "shall be understood to encompass not only those items or things that are expressly designated as Confidential Information, but also any information derived therefrom . . . ."

Finally, Section III of the Order provides, in relevant part: "All documents and discovery materials designated as Confidential Information by the party revealing or disclosing the information shall be treated as confidential for purposes of this Order."

## The Documents in Question

The Haber Declaration contains Confidential Information relating to Lynyrd Skynyrd's concert revenues and personnel compensation. These items are covered as Confidential Information under the terms of the Order and the Declaration has been designated by the Lynyrd Skynyrd Defendants as "Confidential."

Exhibit F to the Avsec Declaration is a copy of a check issued to Plaintiff Craig Reed "Reed," which was deposited by Reed on October 7, 2003, bearing Bates Number LSP00033. Collectively attached as Exhibit G to the Avsec Declaration are copies of checks issued to Reed, which were cashed or deposited by Reed, along with a ledger detailing the amounts paid, bearing Bates Numbers LSP00016-32. The checks and ledger in Exhibits F and G contain financial information pertaining to Reed and have been designated and produced during the initial discovery in this case as "Confidential."

Exhibit H to the Avsec Declaration is a copy of Avsec's letter to Plaintiffs' attorneys dated November 14, 2008, bearing Bates Numbers LSP00001-6. The letter has been designated and produced during the initial discovery in this case as "Confidential."

Collectively attached as Exhibit L to the Avsec Declaration are copies of financial statements for the film titled Freebird – the Movie, bearing Bates Numbers LSP00008-12. Collectively attached as Exhibit Q to the Avsec Declaration are copies of the Lynyrd Skynyrd concert revenues for 2005, 2007, and 2008, bearing Bates Numbers LSP00041, 44-45. The financial statements for the film and the Lynyrd Skynyrd concert revenues in Exhibits L and Q contain financial and confidential information, and have been designated and produced during the initial discovery in this case as "Confidential."

## Conclusion

The Order provides that all "documents and discovery materials designated as Confidential Information by the party revealing or disclosing the information shall be treated as confidential."

The Haber Declaration and Exhibits F, G, H, L, and Q to the Avsec Declaration have all been designated as Confidential Information by the Lynyrd Skynrd Defendants, the parties revealing the information.  Accordingly, pursuant to the Order, Local Rule 5.2, and other applicable rules, the Lynyrd Skynyrd Defendants respectfully request leave to file these documents under seal.

                                        Respectfully submitted,

DATED:  January 22, 2009

                                        */s/ Mark E. Avsec*
                                        Mark E. Avsec (0064472)
                                        mavsec@beneschlaw.com
                                        Bryan A. Schwartz (0078527)
                                        bschwartz@beneschlaw.com
                                        Angela R. Gott (0082198)
                                        agott@beneschlaw.com
                                        **BENESCH, FRIEDLANDER,**
                                            **COPLAN & ARONOFF LLP**
                                        200 Public Square, Suite 2300
                                        Cleveland, Ohio  44114-2378
                                        Telephone:  (216) 363-4500
                                        Facsimile:  (216) 363-4588

                                        *Attorneys for Defendants Freebird Film Productions, Inc., Fly On, Inc., Vector Management, Inc., Gary Rossington, Ross Schilling, and Lynyrd Skynyrd Productions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2009, a copy of the foregoing **LYNYRD SKYNYRD DEFENDANTS' MOTION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties. Parties may access this filing through the Court's system.

> */s/ Mark E. Avsec*
> *One of the Attorneys for Defendants Freebird Film Productions, Inc., Fly On, Inc., Vector Management, Inc., Gary Rossington, Ross Schilling, and Lynyrd Skynyrd Productions, Inc.*