## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| CRAIG REED, *et al.,* | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| FREEBIRD FILM PRODUCTIONS, INC., *et al.,* | ) |
| Defendants. | ) |

CASE NO. 1:08CV1761

JUDGE CHRISTOPHER A. BOYKO

### PLAINTIFFS' ANSWERS TO DEFENDANTS FREEBIRD FILM PRODUCTIONS, INC., FLY ON, INC., VECTOR MANAGEMENT, INC., GARY ROSSINGTON, ROSS SCHILLING, AND LYNYRD SKYNYRD PRODUCTIONS, INC.'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

Plaintiffs Craig Reed and Survivor Films, Inc., by and through their undersigned counsel, and in accordance with Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of the United States District Court for the Northern District of Ohio, hereby provide the following responses and objections to the First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions propounded by Defendants Freebird Film Productions, Inc., Fly On, Inc., Vector Management, Inc., Gary Rossington, Ross Schilling, and Lynyrd Skynyrd Productions, Inc. (collectively, "the Lynyrd Skynyrd Defendants").

### FIRST SET OF INTERROGATORIES

#### GENERAL OBJECTIONS

Plaintiffs object to the Lynyrd Skynyrd Defendants' First Set of Interrogatories as being overbroad, as seeking information that is not relevant to any claim or defense in this action, as

being not reasonably calculated to lead to the discovery of admissible evidence, and as being intended solely to harass Plaintiffs. Additionally, Plaintiffs object to the Lynyrd Skynyrd Defendants' First Set of Interrogatories to the extent that they call for any information that could be argued to be a disclosure or waiver of the attorney work-product and/or attorney-client privilege and to the extent that they seek information beyond the Plaintiffs' knowledge. Plaintiffs specifically reserve the right to amend these interrogatory responses if Plaintiffs later conclude that any of the responses provided here are incorrect or incomplete. Plaintiffs also object to the Lynyrd Skynyrd Defendants' First Set of Interrogatories to the extent that it fails to comply with the formal requirements of Federal Civil Rule 33. Subject to the foregoing general objections, and to those specific objections listed below for certain Interrogatories, Plaintiffs provide the following responses.

**INTERROGATORIES**

1.      Identify all persons having knowledge or information regarding any claim asserted by you in the Complaint.

**ANSWER:** Objection. The foregoing Interrogatory is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. The foregoing Interrogatory further calls for information not within the knowledge of the responding Plaintiffs. Without waiving the foregoing objection, Plaintiffs believe that the following individuals might have knowledge or information regarding one or more claims asserted in the Complaint:

- Individuals identified by Plaintiffs in their Rule 26 initial disclosures;
- Brian Evers;
- Jonathan Blaufarb;
- Larkin Collins;

- Current and/or former representatives of the Georgia Music Hall of Fame;

- Members of the tour support and road crews for the group professionally known as Lynyrd Skynyrd generally and, in particular, support for said group in 1975-1977 and 1996 - 1997, 2003 - 2005, and 2007, including, but not limited to, David Baker, Joe Barnes, Eric Pinson Statler, Kevin Elson, Steve Owens, and Steve Traum;

- Defendants' accountants and manager(s), including Gary Haber, Charlie Brusco, and Ken Levitan;

2.     Identify all fact witnesses you plan to call at trial, and as to each such witness, specify generally the substance of his or her testimony.

**ANSWER:**  Plaintiffs have not yet identified which witnesses they will call at trial. Plaintiffs will disclose this information in accordance with the Court's schedule in this case.

3.     Respecting your allegation that portions of Reel 2 were used by the Skynyrd Defendants without permission, identify:

a.   The products in which you contend portions of Reel 2 were used;

b.   Where specifically in the products identified in subpart a, above, you contend portions of Reel 2 were used; and

c.   The Lynyrd Skynyrd live concert performances, if any, at which portions of Reel 2 were used.

**ANSWER:**  Objection.  The foregoing Interrogatory seeks information that is already in the possession of the Lynyrd Skynyrd Defendants and to which the Lynyrd Skynyrd Defendants

have more reasonable and ready access than the Plaintiffs do.  Additionally, a full and complete response to the foregoing Interrogatory may depend upon additional information not currently in Plaintiffs' possession and/or upon information in Defendants' possession which Plaintiffs have requested from the Defendants in discovery.  Without waiving the foregoing objections, Plaintiffs will produce a summary table containing information that is responsive to the foregoing Interrogatory.

    4.      With respect to your allegations in Paragraph 64 of the Complaint, identify:

        a.   Specifically which "Simple Man" music video you contend used portions of the Film;

        b.   The approximate year in which the music video identified in subpart a, above, was created; and

        c.   Whether the portions of the Film used in the music video identified in subpart a, above, were derived from Reel 1 or Reel 2, or both.

**ANSWER:**  Objection.  The foregoing Interrogatory seeks information that is already in the possession of the Lynyrd Skynyrd Defendants and to which the Lynyrd Skynyrd Defendants have more reasonable and ready access than the Plaintiffs do.  Additionally, a full and complete response to the foregoing Interrogatory may depend upon additional information not currently in Plaintiffs' possession and/or upon information in Defendants' possession which Plaintiffs have requested from the Defendants in discovery.  Without waiving the foregoing objections, Plaintiffs will produce a summary table containing information that is responsive to the foregoing Interrogatory.

{H1339999.1 }

5.    With respect to your allegations in Paragraph 65 of the Complaint, identify:

    a.    Specifically which "Freebird" music video you contend used portions of the Film;

    b.    The approximate year in which the music video identified in subpart a, above, was created; and

    c.    Whether the portions of the Film used in the music video identified in subpart a, above, were derived from Reel 1 or Reel 2, or both.

**ANSWER:** Objection.  The foregoing Interrogatory seeks information that is already in the possession of the Lynyrd Skynyrd Defendants and to which the Lynyrd Skynyrd Defendants have more reasonable and ready access than the Plaintiffs do.  Additionally, a full and complete response to the foregoing Interrogatory may depend upon additional information not currently in Plaintiffs' possession and/or upon information in Defendants' possession which Plaintiffs have requested from the Defendants in discovery.  Without waiving the foregoing objections, Plaintiffs will produce a summary table containing information that is responsive to the foregoing Interrogatory.

6.    With respect to your allegations in Paragraph 66 of the Complaint, identify:

    a.    Specifically which "Sweet Home Alabama" music video you contend used portions of the Film;

    b.    The approximate year in which the music video identified in subpart a, above, was created; and

    c.    Whether the portions of the Film used in the music video identified in subpart a, above, were derived from Reel 1 or Reel 2, or both.

**ANSWER:**  <u>Objection</u>.  The foregoing Interrogatory seeks information that is already in the possession of the Lynyrd Skynyrd Defendants and to which the Lynyrd Skynyrd Defendants have more reasonable and ready access than the Plaintiffs do.  Additionally, a full and complete response to the foregoing Interrogatory may depend upon additional information not currently in Plaintiffs' possession and/or upon information in Defendants' possession which Plaintiffs have requested from the Defendants in discovery.  Without waiving the foregoing objections, Plaintiffs will produce a summary table containing information that is responsive to the foregoing Interrogatory.

7.  State the exact amount in *actual damages* that you claim you are owed by the Skynyrd Defendants, separately, in this Action, and describe in detail how you calculated such amounts.

**ANSWER:**  Plaintiffs are in the process of calculating and assembling this information, which it intends to prove at least in part through expert testimony and through information that Plaintiffs have requested from the Defendants in discovery.  Plaintiffs will supplement this response once Defendants have produced the requested information.  Plaintiffs will disclose the opinions of their expert witness(es) on the issue of damages as required by the Court's schedule for this case.

8.  Identify all Persons having knowledge of facts that relate to the subject matter of the Action, including, but not limited to, the allegations contained in your Complaint and your calculation of actual damages.

**ANSWER:**   Objection.   The foregoing Interrogatory is duplicative of other Interrogatories propounded by the Lynyrd Skynyrd Defendants.   Without waiving the foregoing objection, see response to Interrogatory No. 1.

9.      Identify how many minutes of the film FREEBIRD . . . THE MOVIE you contend is comprised of footage shot by Reed.

**ANSWER:**   Plaintiffs are still in the process of assembling this information and will supplement their response to this Interrogatory.

10.      Identify how many minutes of the video product LYNYRD SKYNYRD LYVE – THE VICIOUS CYCLE TOUR you contend is comprised of footage shot by Reed.

**ANSWER:**   2 minutes and 52 seconds.

11.      Identify how many minutes of the video product LYVE FROM STEEL TOWN you contend is comprised of footage shot by Reed.

**ANSWER:**   2 minutes and 54 seconds.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Craig Reed and Survivor Films, Inc., by and through their counsel Schottenstein, Zox, & Dunn Co., LPA hereby provide the following objections and responses to the first set of Requests for Production of

Documents propounded by Defendants Freebird Film Productions, Inc., Fly On, Inc., Vector Management, Inc., Gary Rossington, Ross Schilling, and Lynyrd Skynyrd Productions, Inc. (collectively, "the Lynyrd Skynyrd Defendants").

## GENERAL OBJECTIONS

I.      Plaintiffs object to the Lynyrd Skynyrd Defendants' Requests for Production to the extent that they seek documents that are not within the possession, custody, or control of Plaintiffs.  The responses set forth below, and the corresponding production, are for Plaintiffs only.

II.      Plaintiffs object to the Lynyrd Skynyrd Defendants' Requests for Production because said requests seek to impose requirements above and beyond those imposed upon Plaintiffs by the Federal Rules of Civil Procedure and the Local Rules of this Court.

III.      Plaintiffs object to the Lynyrd Skynyrd Defendants' Requests for Production insofar as said requests seek to compel production from individuals or entities who are not parties to this action.

## SPECIFIC OBJECTIONS

Plaintiffs set forth their responses to each of Defendants' specific document requests below.  Where Plaintiffs object to the particular request for production, and where Plaintiffs interpose an objection number, said numbers correspond to the Specific Objections listed  below. Plaintiffs may also set forth additional specific objections following the individual Request for Production to which the objection pertains.

1.      The request for production seeks documents or things that are not relevant to any of the claims, counterclaims, or defenses raised in the above-captioned action.

2.      The request for production seeks documents that Plaintiffs have already produced in this action and are therefore duplicative and harassing.

3.      The request for production is overly broad as to time and/or scope.

4.      The request for production is unduly burdensome.

5.      The request for production is not reasonably calculated to lead to the discovery of admissible evidence.

6.      The request for production is vague and ambiguous.

7.      The request for production seeks documents that are otherwise available to the requesting party as easily as, or more easily than, they are to Plaintiffs.

8.      The request for production seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to the foregoing General Objections and the Specific Objections set forth below, and without waiving same, Plaintiffs provide the following responses to the Lynyrd Skynyrd Defendants' first set of Requests For Production.

## REQUESTS FOR PRODUCTION

1.      All documents identified in response to or whose identification was requested in the above-identified Interrogatories.

**ANSWER:**   Plaintiffs will produce non-privileged documents in their possession, custody, or control that are responsive to the foregoing request.

2.      All documents referring or relating to the registration of the copyright(s) in Reel 1 with the United States Copyright Office, including without limitation any and all applications of registration that have been filed with the Library of Congress, and any and all materials that were deposited with the Library of Congress in connection with such application(s) of registration.

**ANSWER:**   Plaintiffs will produce non-privileged documents in their possession, custody, or control that are responsive to the foregoing request.

3.     All documents referring or relating to the registration of the copyright(s) in Reel 2 with the United States Copyright Office, including without limitation any and all applications of registration that have been filed with the Library of Congress, and any and all materials that were deposited with the Library of Congress in connection with such application(s) of registration.

**ANSWER:**   Plaintiffs will produce non-privileged documents in their possession, custody, or control that are responsive to the foregoing request.

4.     A copy of the film "FREEBIRD...THE MOVIE."

**ANSWER:**   Objection no. 7.   Without waiving the foregoing objection, Plaintiffs will make a copy of the requested film available to the Lynyrd Skynyrd Defendants for inspection and/or copying at a mutually-agreed upon time and place.

5.     All documents related to the formation of any agreements between you and any of the Skynyrd Defendants pertaining to the Film, Reel 1, and/or Reel 2, including any licensing agreements and/or any tax documents.

**ANSWER:**   Plaintiffs will produce non-privileged documents in their possession, custody, or control that are responsive to the foregoing request.

6.     All documents referring or relating to any discussions or communications between or among one or more of the Skynyrd Defendants related to the formation of any agreement with you pertaining to the Film, Reel 1, and/or Reel 2.

**ANSWER:**   Plaintiffs will produce non-privileged documents in their possession, custody, or control that are responsive to the foregoing request, to the extent such documents still exist or ever existed.

7.     All documents that you have delivered to or received from the Skynyrd Defendants relating to the subject matter of the Action.

**ANSWER:**   Objection nos. 6 and 7.  Without waiving the foregoing objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control that are responsive to the foregoing request, to the extent such documents still exist or ever existed.

8.     All documents that relate to or support your allegations in the Complaint.

**ANSWER:**   Objection nos. 6, 7 and 8.   Without waiving the foregoing objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control that are responsive to the foregoing request.

{H1339999.1 }

9.      All documents that you may introduce at any trial or hearing of the Action.

**ANSWER:**  Objection.  Plaintiffs have not yet determined which documents they will or may introduce at any trial or hearing of the Action.  Plaintiffs will produce such documents in accordance with the schedule set by the Court in this Action.

10.      All reports and any other documents created by any purported expert relating to the Action.

**ANSWER:**  Objection.  Plaintiffs have not yet retained any expert witnesses to testify in the Action.  Plaintiffs will produce the reports of any and all testifying experts in accordance with the schedule set by the Court in this Action and/or Federal Civil Rule 26.

11.      Any documents supporting or relating to your calculation of any actual damages claimed by you against the Skynyrd Defendants.

**ANSWER:**  Objection nos. 6 and 8.  Without waiving the foregoing objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, if any, that are responsive to the foregoing request.

12.      To the extent not included among the documents and things produced in response to the foregoing requests, produce each and every other document not yet produced that relates to the Action.

{H1339999.1 }

**ANSWER:** Objection nos. 3, 4, 5, 6, 7, and 8.

## REQUESTS FOR ADMISSIONS

Plaintiffs Craig Reed and Survivor Films, Inc., by and through their undersigned counsel, and in accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure hereby provide the following objections and responses to the First Set of Requests for Admissions propounded by Defendants Freebird Film Productions, Inc., Fly On, Inc., Vector Management, Inc., Gary Rossington, Ross Schilling, and Lynyrd Skynyrd Productions, Inc. (collectively, "the Lynyrd Skynyrd Defendants").

## GENERAL OBJECTIONS

Plaintiffs object to the Lynyrd Skynyrd Defendants' Requests for Admissions to the extent the Requests for Admissions are vague and ambiguous. Plaintiffs also object to the extent any of the discovery requests call for any information that could be argued to be a disclosure or waiver of the attorney work-product and/or attorney-client privilege. Plaintiffs specifically reserve their right to amend these responses if Plaintiffs later conclude that any of the responses provided here are incorrect or incomplete. Subject to the foregoing general objections, and to those specific objections listed below for certain of the Requests for Admissions, Plaintiffs provide the following responses.

## REQUESTS FOR ADMISSION

1.      Admit that Reed agreed to permit portions of the Film to be displayed at Lynyrd Skynyrd's live concert shows.

**ANSWER:** Plaintiffs admit only that Plaintiff Reed agreed to permit portions of Reel 1 to be displayed at certain Lynyrd Skynyrd live concert shows pursuant to an agreement and at a

{H1339999.1 }

specific price per live concert show.  Plaintiffs otherwise deny the remaining portions of the request.


2.      Admit that Reed was paid to permit portions of the Film to be used in conjunction with Lynyrd Skynyrd's live concert shows in 2003.

**ANSWER:**  Plaintiffs admit only that Plaintiff Reed was paid for the use of portions of Reel 1 at certain Lynyrd Skynyrd live concert shows in 2003.  Plaintiffs otherwise deny the remaining portions of the request.


3.      Admit that Reed was offered, and was paid, $2,500 to permit portions of the Film to be used in the DVD product known as LYNYRD SKYNYRD LYVE – THE VICIOUS CYCLE TOUR.

**ANSWER:** Deny.


4.      Admit that Reed agreed to be paid $100 for each Lynyrd Skynyrd live concert show in 2004 at which portions of the Film were displayed.

**ANSWER:** Admit.


5.      Admit that Reed was paid $11,300 to permit portions of the Film to be displayed at 113 Lynyrd Skynyrd live concert shows in 2004.

**ANSWER:** Admit.

6.    Admit that Reed knew when he was working with the Lynyrd Skynyrd band, that portions of the Film were being displayed at Lynyrd Skynyrd's live concert shows at which Reed worked.

**ANSWER:** <u>Objection</u>.  The foregoing request for admission is vague and ambiguous as to time.  Without waiving the foregoing objection, Plaintiffs admit only that Plaintiff Reed knew, at certain times when he was working with the Lynyrd Skynyrd Band, that certain portions of Reel 1 were being displayed at live concert shows at which Plaintiff Reed worked.  Plaintiffs otherwise deny the remaining portions of the request.

7.    Admit that there is no Lynyrd Skynyrd video product specifically titled 2003 NASHVILLE LIVE.

**ANSWER:**  Plaintiffs admit only that they are not presently aware of a Lynyrd Skynyrd video product specifically titled 2003 NASHVILLE LIVE.  Plaintiffs otherwise deny the remaining portions of the request.

8.    Admit that no portion of Reel 2 was used in the "Simple Man" music video referred to in Paragraph 64 of the Complaint.

**ANSWER:** Deny.

9.    Admit that no portion of Reel 2 was used in the "Freebird" music video referred to in Paragraph 65 of the Complaint.

**ANSWER:** Deny.

10.     Admit that no portion of Reel 2 was used in the "Sweet Home Alabama" music video referred to in Paragraph 66 of the Complaint.

**ANSWER:** Admit.


11.     Admit that Reed was paid $2,500 pursuant to the Documentary Agreement.

**ANSWER:** Admit.


12.     Admit that Reed did not pay with his own personal money for all of the Super 8 movie film Reed used to shoot the Film.

**ANSWER:** Deny.


13.     Admit that the Lynyrd Skynyrd organization or persons affiliated with Lynyrd Skynyrd other than Reed paid for the Super 8 film stock that Reed used to shoot the Film.

**ANSWER:** Deny.


14.     Admit that you are not seeking statutory damages in this Action.

**ANSWER:**     <u>Objection</u>.  Plaintiffs cannot admit or deny the foregoing request for admission until they are fully aware of the exact timing and extent of all infringements of Reel 1 and Reel 2 by each of the various Defendants to this action.


15.     Admit that Reed was never paid more than $100 per Lynyrd Skynyrd live concert performance at which any portion of the Film was shown, excluding video products and excluding Reed's regular salary as an employee of Lynyrd Skynyrd.

**ANSWER:**  Objection.  The foregoing request for admission is vague and ambiguous. Without waiving the foregoing objection, Plaintiffs deny the request.


16.     Admit that portions of Reel 2 were shot by Reed during the Summer of 1977.

**ANSWER:**  Deny.


17.     Admit that Reed was working for Lynyrd Skynyrd in July 1997 when Lynyrd Skynyrd's live performance in Burgettstown, Pennsylvania was filmed for the LYVE FROM STEEL TOWN DVD.

**ANSWER:**  Plaintiffs admit only that Plaintiff Reed was working (directly or through some other entity) for the musical group professionally known as Lynynrd Skynyrd in July 1997 at the group's live performance in Burgettstown, Pennsylvania.  Plaintiffs otherwise deny the remaining portions of the request.


18.     Admit that Reed knew that portions of the Film were being shown during Lynyrd Skynyrd's July 1997 live performance in Burgettstown, Pennsylvania as that show, which was eventually embodied in the LYVE FROM STEEL TOWN DVD, was being filmed.

**ANSWER:**  Plaintiffs admit only that Plaintiff Reed knew that portions of the Film were being shown during Lynyrd Skynyrd's July 1997 live performance in Burgettstown, Pennsylvania.  Plaintiffs otherwise deny the remaining portions of the request.

19.    Admit that Reed did not personally edit his Super 8 footage together that comprised the Film.

**ANSWER:** Deny.


20.    Admit that in or around 2002 Reed could not even look at the various Super 8 footage that eventually comprised Reel 2 until the footage was edited together and transferred to videotape by persons other than Reed.

**ANSWER:** Deny.


21.    Admit that Reel 1 not only consisted of footage shot by Reed during the Summer of 1977, but also consisted of footage shot by Reed on or before October 20, 1977, including footage shot by Reed:  (a) on or before June 21, 1977; (b) during the Winter and/or Spring of 1977; and (c) at various points during 1976.

**ANSWER:**   Objection.   The foregoing Request for Admission is ague, ambiguous, compound, and incomprehensible.  Without waiving the foregoing objections, Plaintiffs deny the request.


22.    Admit that the Lynyrd Skynyrd organization had the right to assign additional projects and assignments to Reed during the time he worked for Lynyrd Skynyrd.

**ANSWER:**   Objection.   The foregoing request for admission is vague and ambiguous and is also overbroad as to time and scope.  Without waiving the foregoing objection, Plaintiffs admit only that, while Plaintiff Reed was working for the musical group professionally known as Lynyrd Skynyrd, certain individuals had the right to assign Plaintiff Reed certain duties and

responsibilities consistent with his employment position and relevant union or other agreements that were in force at that particular time.  Plaintiffs otherwise deny the remaining portions of the request.


23.    Admit that Reed did not submit invoices to the Lynyrd Skynyrd organization for payment for his services when Reed worked for Lynyrd Skynyrd, but instead received paychecks.

**ANSWER:** Admit.


24.    Admit that payroll taxes were deducted from Reed's paychecks when he worked for the Lynyrd Skynyrd organization.

**ANSWER:** Admit.


As to objections,

H. Alan Rothenbuecher
  hrothenbuecher@szd.com
T. Earl LeVere
  elevere@szd.com
Schottenstein Zox & Dunn, Co., LPA
US Bank Center at Playhouse Square
1350 Euclid Avenue
Suite 1400
Cleveland, Ohio  44115
Phone: (216) 394-5075
Facsimile: (216) 394-5092

*Attorney for Craig Reed and*
*Survivor Films, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing PLAINTIFFS' ANSWERS TO DEFENDANTS FREEBIRD FILM PRODUCTIONS, INC., FLY ON, INC., VECTOR MANAGEMENT, INC., GARY ROSSINGTON, ROSS SCHILLING, AND LYNYRD SKYNYRD PRODUCTIONS, INC.'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS were served this 29th day of October 2008, via ordinary U.S. Mail, upon the following:

Mark E. Avsec, Esq.
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114

*Attorneys for Defendants*
*Freebird Film Productions, Inc., Fly On, Inc.*
*Vector Management, Inc., Gary Rossington, Ross*
*Schilling, and Lynyrd Skynyrd Productions, Inc.*

-and-

Louis A. Colombo, Esq.
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114

*Attorenys for Defendants*
*RHI Entertainment Distribution, LLC and*
*Lions Gate Entertainment, Inc.*

T. Earl LeVere

## VERIFICATION

STATE OF OHIO                    )
                                 )      SS:
COUNTY OF _Cuyahoga_             )

I, Plaintiff Craig Reed, on behalf of myself and Survivor Films, Inc., being first duly sworn and cautioned, hereby state that the foregoing answers to the Interrogatories contained in Defendants Freebird Film Productions, Inc., Fly On, Inc., Vector Management, Inc., Gary Rossington, Ross Schilling, And Lynyrd Skynyrd Productions, Inc.'s First Set Of Interrogatories, Requests For Production Of Documents, And Requests For Admissions To Plaintiffs Craig Reed And Survivor Films, Inc. are true.

_____
Craig Reed

Sworn to before me and subscribed in my presence, this __ th day of _October_, 2008.

_____
Notary Public