**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| REED, et al., | ) | |
| Plaintiffs, | ) | CASE NO. 1:08CV1761 |
| | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| | ) | **ANSWER AND AFFIRMATIVE** |
| FREEBIRD FILM PRODUCTIONS, INC., | ) | **DEFENSES OF JUDY JENNESS** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Judy Jenness ("Jenness"), through her counsel, responds to the Complaint of Plaintiffs Craig Reed ("Reed") and Survivor Films, Inc. ("Survivor" and, together with Reed, "Plaintiffs"), as follows:

1.      Jenness admits that Reed for a time worked for the band "Lynyrd Skynyrd." Jenness is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint and, on that basis, denies those allegations.

2.      Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, on that basis, denies those

allegations. Jenness further avers that Survivor appears to be a Florida corporation and not a Tennessee corporation, as alleged in the Complaint.

3.       Jenness admits that: Defendant Freebird Film Productions, Inc. ("Freebird Film Productions") is organized under the laws of the State of Florida with its principal place of business in Orange Park, Florida; Defendant Rossington is the president and director of Freebird Film Productions; she is the treasurer and statutory agent for Freebird Film Productions; and Freebird Film Productions was formerly known as Freebird Video Productions, Inc. Jenness admits that Freebird Film Productions produced a film entitled "Freebird the Movie." Jenness denies the remaining allegations contained in paragraph 3 of the Complaint.

4.       Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, on that basis, denies those allegations.

5.       Jenness admits that Defendant Cabin Fever Entertainment, Inc. has produced and/or distributed a Lynyrd Skynyrd-related film product. Jenness is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and, on that basis, denies those allegations.

6.       Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, on that basis, denies those allegations.

7.       Jenness admits the allegations contained in paragraph 7 of the Complaint.

8.       Jenness admits that Defendant Rossington is an individual; is a founding and current member of the band Lynyrd Skynyrd; and is the president and is a director of Freebird Film Productions. Jenness is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph 8 of the Complaint and, on that basis, denies those allegations.

9. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, on that basis, denies those allegations.

10. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, on that basis, denies those allegations.

11. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, on that basis, denies those allegations.

12. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, on that basis, denies those allegations.

13. Jenness admits that Plaintiffs purport to base jurisdiction on 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367, avers that these allegations constitute legal conclusions that are not properly admitted nor denied, but for the purposes of answering only, denies the allegations made in paragraph 13 of the Complaint.

14. Jenness denies the allegations contained in paragraph 14 of the Complaint.

15. Jenness denies the allegations contained in paragraph 15 of the Complaint.

16. Jenness admits that Reed has worked for and toured with the Lynyrd Skynyrd band. Jenness is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained in paragraph 16 of the Complaint and, on that basis, denies those allegations.

17. Jenness admits that Reed worked for Lynyrd Skynyrd commencing in or around 1974 through October 20, 1977. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, on that basis, denies those allegations.

18. Jenness admits that Reed shot concert and "behind the scenes" film footage containing various members of Lynyrd Skynyrd and its crew, but denies that Reed did so "as a personal project and hobby." Jenness is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint and, on that basis, denies those allegations.

19. Jenness admits that: on October 20, 1977, while on tour with Lynyrd Skynyrd, Reed was a passenger on an airplane that crashed in Mississippi; the crash claimed the lives of the pilot, co-pilot, and four passengers (including Lynyrd Skynyrd's lead singer, Ronnie Van Zant); and the crash left the surviving passengers injured. Jenness is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and, on that basis, denies those allegations.

20. Jenness admits that Lynyrd Skynyrd temporarily disbanded after the October 20, 1977 plane crash. Jenness admits that Lynyrd Skynyrd reformed in or around 1987 with Johnny Van Zant, the younger brother of the late Ronnie Van Zant, as lead singer.

21. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, on that basis, denies those allegations.

22.     Jenness admits that Reed worked for Lynyrd Skynyrd after Lynyrd Skynyrd's reformation in 1987.  Jenness admits that Reed was the longest-standing member of Lynyrd Skynyrd's crew, and was one of the few crew members to have worked with the original band's lineup.  Jenness is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint and, on that basis, denies those allegations.

23.     Jenness admits that Lynyrd Skynyrd is a popular musical group, but denies that Lynyrd Skynyrd sells upwards of one million records each year and generates in excess of $10 million in touring revenue each year from performances throughout the United States.  Jenness admits that Lynyrd Skynyrd occasionally plays shows in Ohio.  Jenness admits that, in 2006, Lynyrd Skynyrd was inducted into the Rock and Roll Hall of Fame.  Jenness is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint and, on that basis, denies those allegations.

24.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, on that basis, denies those allegations.

25.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, on that basis, denies those allegations.

26.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and, on that basis, denies those allegations.

27.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, on that basis, denies those allegations.

28.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, on that basis, denies those allegations.

29.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, on that basis, denies those allegations.

30.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, on that basis, denies those allegations.

31.     Jenness admits that she contacted Reed in 1995 and asked whether Reed would turn over the footage he shot of the Lynyrd Skynyrd band for use in a documentary film about Lynyrd Skynyrd and certain other uses.  Jenness denies the remaining allegations contained in paragraph 31 of the Complaint.

32.     Jenness admits that Reed stated that Freebird Video Productions, Inc., now known as Freebird Film Productions, could use the footage he shot of the Lynyrd Skynyrd band in a Lynyrd Skynyrd documentary project.  Jenness also admits that she stated that Freebird Video Productions, Inc. would give Reed some money for the use of the film in the documentary. Jenness denies the remaining allegations contained in paragraph 32 of the Complaint.

33.     Jenness admits that, on or about July 31, 1995, Reed and Freebird Film Productions, formerly known as Freebird Video Productions, Inc., entered into a written

agreement concerning Freebird Film Productions' possible use of Reed's film footage in a documentary film and certain other uses of the footage, avers that this written agreement speaks for itself, and denies the remaining allegations contained in paragraph 33 of the Complaint.

34.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, on that basis, denies those allegations.

35.     Jenness admits that a documentary film about the original Lynyrd Skynyrd band entitled "Freebird the Movie" was produced by Freebird Film Productions, formerly Freebird Video Productions, Inc., and Defendant Cabin Fever Entertainment, Inc.

36.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, on that basis, denies those allegations.

37.     Jenness admits that Freebird Film Productions, formerly known as Freebird Video Productions, Inc., served as one of the production companies for the documentary film "Freebird the Movie."

38.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, on that basis, denies those allegations.

39.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, on that basis, denies those allegations.

40.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, on that basis, denies those allegations.

41.     Jenness admits that Defendant Rossington, inasmuch as he was a member of the original Lynyrd Skynyrd band, appeared in "Freebird the Movie." Jenness is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 of the Complaint and, on that basis, denies those allegations.

42.     Jenness admits the allegations contained in paragraph 42 of the Complaint.

43.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, on that basis, denies those allegations.

44.     Paragraph 44 of the Complaint attempts to interpret a written agreement or states a legal conclusion for which no response is required. Jenness avers, however, that the written agreement referred to in paragraph 44 of the Complaint speaks for itself.

45.     Jenness avers that there have been no profits from "Freebird the Movie," and, on that basis, denies the allegations contained in paragraph 45 of the Complaint.

46.     Plaintiffs alleged in paragraph 34 of the Complaint that Reed provided a copy of Reel 1 to Defendant Cabin Fever Entertainment, Inc.—not to "Defendants" (as alleged in paragraph 46 of the Complaint). Regardless, Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, on that basis, denies those allegations.

47. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, on that basis, denies those allegations.

48. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and, on that basis, denies those allegations.

49. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, on that basis, denies those allegations.

50. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, on that basis, denies those allegations.

51. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and, on that basis, denies those allegations.

52. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and, on that basis, denies those allegations.

53. Jenness denies the allegations in paragraph 53 inasmuch as they apply to her in her individual capacity. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and, on that basis, denies those allegations.

54.     Jenness denies the allegations in paragraph 54 inasmuch as they apply to her in her individual capacity.  Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and, on that basis, denies those allegations.

55.     Jenness denies the allegations in paragraph 55 inasmuch as they apply to her in her individual capacity.  Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and, on that basis, denies those allegations.

56.     Jenness denies the allegations in paragraph 56 inasmuch as they apply to her in her individual capacity.  Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and, on that basis, denies those allegations.

57.     Jenness denies the allegations in paragraph 57 inasmuch as they apply to her in her individual capacity.  Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and, on that basis, denies those allegations.

58.     Jenness denies the allegations in paragraph 58 inasmuch as they apply to her in her individual capacity.  Jenness is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Complaint and, on that basis, denies those allegations.

59.     Jenness denies the allegations in paragraph 59 inasmuch as they apply to her in her individual capacity.  Jenness is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 59 of the Complaint and, on that basis, denies those allegations.

60.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and, on that basis, denies those allegations.

61.     Jenness denies the allegations in paragraph 61 inasmuch as they apply to her in her individual capacity.  Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint and, on that basis, denies those allegations.

62.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and, on that basis, denies those allegations.

63.     Jenness denies the allegations in paragraph 63 inasmuch as they apply to her in her individual capacity.  Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and, on that basis, denies those allegations.

64.     Jenness denies the allegations in paragraph 64 inasmuch as they apply to her in her individual capacity.  Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and, on that basis, denies those allegations.

65.     Jenness denies the allegations in paragraph 65 inasmuch as they apply to her in her individual capacity.  Jenness is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 65 of the Complaint and, on that basis, denies those allegations.

66.     Jenness denies the allegations in paragraph 66 inasmuch as they apply to her in her individual capacity.  Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint and, on that basis, denies those allegations.

67.     Jenness avers that Freebird Film Productions exercised its rights under the Documentary Agreement (as that term is defined in paragraph 33 of the Complaint), and denies the remaining allegations contained in paragraph 67 of the Complaint.

68.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint and, on that basis, denies those allegations.

69.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and, on that basis, denies those allegations.

70.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and, on that basis, denies those allegations.

71.     Jenness denies the allegations contained in paragraph 71 of the Complaint.

72.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint and, on that basis, denies those allegations.

73.     Jenness avers that there is no defendant in this action defined as "Van Zant" and, on that basis, denies the allegations contained in paragraph 73 of the Complaint.

74.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint and, on that basis, denies those allegations.

75.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint and, on that basis, denies those allegations.

76.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint and, on that basis, denies those allegations.

77.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint and, on that basis, denies those allegations.

78.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint and, on that basis, denies those allegations.

79.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint and, on that basis, denies those allegations.

80.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint and, on that basis, denies those allegations.

81.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint and, on that basis, denies those allegations.

82.     Jenness denies the allegations contained in paragraph 82 of the Complaint.

83.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint and, on that basis, denies those allegations.

84.     Jenness avers that there is no defendant in this action defined as "Van Zant" and, on that basis, denies the allegations contained in paragraph 84 of the Complaint.

85.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint and, on that basis, denies those allegations.

86.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint and, on that basis, denies those allegations.

87.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint and, on that basis, denies those allegations.

88.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint and, on that basis, denies those allegations.

89. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint and, on that basis, denies those allegations.

90. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint and, on that basis, denies those allegations.

**Answer to Count I**

91. Jenness incorporates herein by reference all allegations, statements, denials, and admissions contained in the previous paragraphs.

92. Jenness admits that, on or about July 31, 1995, Reed and Freebird Film Productions, formerly known as Freebird Video Productions, Inc., entered into a written agreement concerning Freebird Film Productions' possible use of Reed's film footage in a documentary film and certain other uses of the footage, avers that this written agreement speaks for itself, and denies the remaining allegations contained in paragraph 92 of the Complaint.

93. Jenness denies that all "Defendants" had obligations to Reed under the Documentary Agreement (as that term is defined in paragraph 33 of the Complaint) and answers that the Documentary Agreement speaks for itself. Plaintiffs' allegations contained in paragraph 93 of the Complaint constitute an attempt to interpret that agreement or a legal conclusion for which no response is required.

94. Jenness denies that Freebird Film Productions, formerly known as Freebird Video Productions, Inc., failed to make any payments to Reed that were due under the Documentary Agreement (as that term is defined in paragraph 33 of the Complaint) or that it otherwise

breached the Documentary Agreement. Jenness avers that Defendant Cabin Fever Entertainment, Inc. is not a party to the Documentary Agreement and, on that basis, denies the remaining allegations contained in paragraph 94 of the Complaint.

95. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint and, on that basis, denies those allegations.

96. Jenness denies the assumption that she breached the Documentary Agreement (as that term is defined in paragraph 33 of the Complaint). Jenness is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 96 of the Complaint and, on that basis, denies those allegations.

## Answer to Count II

97. Jenness incorporates herein by reference all allegations, statements, denials, and admissions contained in the previous paragraphs.

98. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint and, on that basis, denies those allegations.

99. Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint and, on that basis, denies those allegations.

100. Jenness denies that a Certificate of Registration for Reel 1 was attached as Exhibit A to the Complaint. Jenness avers that there is no Exhibit A to the Complaint. Jenness is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 100 of the Complaint and, on that basis, denies those allegations.

101.     Jenness denies that a Certificate of Registration for Reel 2 was attached as Exhibit B to the Complaint.  Jenness is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 101 of the Complaint and, on that basis, denies those allegations.

102.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint and, on that basis, denies those allegations.

103.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint and, on that basis, denies those allegations.

104.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint and, on that basis, denies those allegations.

105.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint and, on that basis, denies those allegations.

106.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint and, on that basis, denies those allegations.

107.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint and, on that basis, denies those allegations.

108.     Jenness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint and, on that basis, denies those allegations.

109.     Jenness denies that she infringed Plaintiffs' alleged copyrights in Reel 1 and/or Reel 2, and denies the remaining allegations contained in paragraph 109 of the Complaint.

110.     Jenness denies the allegations contained in paragraph 110 of the Complaint, including, but not limited to, the assumption that Jenness infringed Plaintiffs' alleged copyrights in Reel 1 and/or Reel 2.

## General Denial

111.     Jenness denies each and every allegation not expressly admitted herein and denies that Reed or Survivor is entitled to any relief.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

112.     The claims asserted in the Complaint fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

113.     The Court does not have subject matter jurisdiction over the claims asserted in the Complaint.

## THIRD DEFENSE

114.     The Court lacks personal jurisdiction over Jenness.

## FOURTH DEFENSE

115.     Plaintiffs' recovery is barred by the doctrines of laches, estoppel, ratification, and/or waiver.

## FIFTH DEFENSE

116.     Plaintiffs' recovery is barred by the doctrine of fair use under the Copyright Act, 17 U.S.C. § 107.

## SIXTH DEFENSE

117.     Plaintiffs' recovery is barred because Reed had knowledge of and consented to, *i.e.*, licensed, the use of the works complained of herein.

## SEVENTH DEFENSE

118.     Plaintiffs' recovery is barred because the Documentary Agreement (as that term is defined in paragraph 33 of the Complaint) contemplates and permits the use of the works complained of herein.

## EIGHTH DEFENSE

119.     Plaintiffs' recovery is barred because Reed is not the author of the works complained of herein.

**NINTH DEFENSE**

120.     Plaintiffs' claims are barred by applicable statutes of limitation and, in particular, the Copyright Act's statute of limitations set forth at 17 U.S.C. § 507(b).

**TENTH DEFENSE**

121.     Plaintiffs' claims are barred because Jenness was privileged to take certain actions complained of herein.

**ELEVENTH DEFENSE**

122.     Plaintiffs' recovery is barred by the doctrine of unclean hands.

**TWELFTH DEFENSE**

123.     Plaintiffs are not entitled to receive attorneys' fees or statutory damages.

**THIRTEENTH DEFENSE**

124.     Jenness respectfully reserves the right to amend her Answer to the Complaint to add such additional defenses, cross-claims, counterclaims, and/or third-party complainants as may be disclosed during the discovery of this matter.

WHEREFORE, Defendant Jenness, having fully answered the claims asserted in Plaintiffs' Complaint, respectfully requests the Court to dismiss the claims with prejudice, award Jenness her fees, including attorneys' fees, costs, and expenses in defending against Plaintiffs' claims, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

DATED:  February 13, 2009

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP


 /s/ Mark E. Avsec
Mark E. Avsec (0064472)
mavsec@beneschlaw.com
Bryan A. Schwartz (0078527)
bschwartz@beneschlaw.com
Angela R. Gott (0082198)
agott@beneschlaw.com
BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio  44114-2378
Telephone:  (216) 363-4500
Facsimile:  (216) 363-4588

Attorneys for DEFENDANT JUDY JENNESS

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 13, 2009, a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF JUDY JENNESS** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

       /s/ Mark E. Avsec
       One of the Attorneys for Defendant Judy Jenness