IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CRAIG REED, *et al.*, | ) CASE NO. 1:08CV1761 |
| Plaintiffs, | ) ) JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) |
| FREEBIRD FILM PRODUCTIONS, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

**PLANTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' RULE 56(f) MOTION**

Plaintiffs sought alternative relief under Civil Rule 56(f) on the "lack of profits" defense asserted by all Defendants and upon the additional "contemplation" defense asserted by RHI. As to the "contemplation" defense, RHI does not address Plaintiffs' request that the defense be either dismissed or subject to further discovery pursuant to Rule 56(f). RHI simply repeats its earlier contention that the timing of the underlying agreements show that Craig Reed was not contemplated as a beneficiary of the Cabin Fever-Freebird Video Agreement because he did not sign his agreement with Freebird Video until several months later. (RHI Reply. pg.10). Yet, RHI provides no affirmative factual evidence to show that Reed (as a profit participant) and his film footage were not contemplated or covered by the Cabin Fever-Freebird Video Agreement and its schedules.

The missing schedules – which list the budget for the documentary and the pre-recorded audiovisual materials used in the documentary (ECF 50-6 at §1.13 and 7.2) – could resolve the

issue. But the Defendants have not produced those schedules. No person with knowledge of that agreement and its schedules has provided any evidence regarding those documents. Discovery of such persons with knowledge of the schedules (and agreement) is not only warranted but also necessary ultimately to resolve the issue of whether Reed was contemplated as a beneficiary under the Cabin Fever-Freebird Video Agreement. As such, Rule 56(f) directs that the "contemplation" defense be either denied outright or stayed.

In this case, outright denial of that defense is the proper remedy because the uncontroverted evidence shows that Cabin Fever actually contemplated paying Reed, as evidenced by Cabin Fever's verbal and written acknowledgement of its obligation to pay Reed for his contribution to the documentary. (Reed Dec. ¶18-21; Ex.B). Because the only evidence before the Court shows that Reed was actually contemplated and intended by the parties to be a profit participant – and RHI began paying him as such – RHI failed to satisfy its Rule 56(c) burden of proving all facts directing the sole legal conclusion that Cabin Fever did not contemplate paying Reed for the use of his Film.

A similar result holds for Defendants' "lack of profits" defense. In opposing Plaintiffs' motion under Rule 56(f) for dismissal of, or discovery on, Defendants' "lack of profits" argument, all Defendants continue to argue that reliance upon the summaries of costs and income that they have provided is enough to justify summary judgment. According to them, there is no need to explore the particulars of the summaries, which they contend show that costs remain unrecouped. The fundamental premise underlying that argument is that the summaries are accurate. Yet, no Defendant has offered any evidence so indicating. There has been no testimony from any person with relevant, first-hand knowledge identifying the unrecouped costs and expenses or stating what they comprise. Defendants have not provided any of the documents

or receipts substantiating those costs or expenses. Simply put, there are no specifics whatsoever anywhere in the record about the purported unrecouped costs upon which Defendants rely to preclude any profit payment. Instead, Defendants simply ask the Court to trust them that the summaries – of which no Defendant has any personal knowledge – are accurate. But "the devil is in the details" and Defendants seek to avoid the devil. This is not surprising because when Plaintiffs even initially questioned the accuracy of Defendants' accounting of sales income, their suspicions proved to be justified.[1]

Specifically, each Defendant assumed that all accountings of costs and proceeds arising from Freebird...The Movie were accurate. No one, however, actually ever verified the accounting; they all simply assumed the accounting was accurate. Yet, when Plaintiffs questioned Defendants about the apparent improper allocation of sales income, Plaintiffs found errors in Defendants' records. RHI attempts to gloss over that revelation via a footnote, but ultimately admits that income was not properly allocated. (RHI Reply pg.14 n.10). This discrepancy alone makes it simply not credible for any Defendant to contend the summaries are reliable or – as they must show on summary judgment – not subject to any dispute by a reasonable finder of fact. This is particularly so because the summaries that the Lynyrd Skynyrd Defendants recently created and addressed to Mark Avsec, upon which the Defendants relied (Avsec Dec. Ex. L), are premised upon sales allocations that RHI now admits are erroneous. Accordingly, the Lynyrd Skynyrd Defendants' summaries are also incorrect, or at least subject to

---

[1] The failure of the Lynyrd Skynyrd Defendants to monitor and verify the accountings and summaries they are provided of sales and costs of Freebird...The Movie is unreasonable. Whether purposefully done to avoid or defer tax liabilities, or simply because they failed to pay attention or do not care, Freebird Video breached its duty to all profit participants to verify the accuracy of the accountings. Since they never undertook such verification, and because the first inquiry by Reed revealed errors (and, ironically, garnered a benefit to the Lynyrd Skynyrd Defendants), it is reasonable and necessary to permit further inquiry into the sales and costs associated with Freebird...The Movie.

reasonable disbelief by a finder of fact. Based upon the foregoing, this Court should either strike the Defendants' "lack of profits" defense or stay the question for further discovery in light of the Defendants' admitted errors associated with at least some of the calculations underlying the defense. At a minimum, Defendants' "lack of profits" defense does not pass Rule 56(c) muster because some of the factual underpinnings – accepted by Defendants as true but never proven by anyone with first-hand knowledge to be accurate or reliable – are suspect and likely wrong, raising genuine issues of material fact as to whether Freebird...The Movie has recouped its expenses or generated any profits.

Respectfully submitted,

/s/ H. Alan Rothenbuecher
H. Alan Rothenbuecher, Esq.
  hrothenbuecher@szd.com
T. Earl LeVere, Esq.
  elevere@szd.com
Schottenstein Zox & Dunn, Co., LPA
US Bank Center at Playhouse Square
1350 Euclid Avenue, Suite 1400
Cleveland, Ohio  44115
Phone: (216) 394-5075
Facsimile: (216) 394-5092

*Attorneys for Plaintiffs Craig Reed and Survivor Films, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2009, a copy of the foregoing PLANTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' RULE 56(f) MOTION was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

/s/ H. Alan Rothenbuecher
H. Alan Rothenbuecher