IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CRAIG REED, *et al.*, | ) CASE NO. 1:08CV1761 |
| Plaintiffs, | ) JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) |
| FREEBIRD FILM PRODUCTIONS, INC., *et al.*, | ) |
| Defendants. | ) |

**MOTION TO STRIKE PORTIONS OF DEFENDANTS' REPLY BRIEFS
AND SUPPORTING EVIDENCE**

I. **INTRODUCTION**

In their Reply briefs, both the Lynyrd Skynyrd Defendants and RHI Entertainment raise new arguments and submit new evidence. Specifically, the Lynyrd Skynyrd Defendants submit declarations of Judy Jenness and Gary Haber and the supplemental declaration of Ross Schilling. RHI submits the declaration of Jeffrey Waxman and supplemental declaration from Jeffrey Ringler. RHI also raises, for the first time, new arguments premised upon the parole evidence rule, failure of consideration, and agency. In presenting such arguments and evidence for the first time via their reply briefs, the defendants have stolen from Plaintiffs Craig Reed and Survivor Films (collectively "Reed") the opportunity to respond and show how those arguments and evidence do not pass Civil Rule 56 muster. As a result, this Court should strike the new

{C0033597.3 }

evidence and arguments should not consider them for purposes of defendants' summary judgment motions.

## II. LAW AND ARGUMENT

### A. The Untimely Declarations.

#### 1. Declaration of Jeff Waxman (proffered by RHI)

In his memorandum in opposition to RHI's motion for summary judgment, Reed established that he and Cabin Fever Entertainment entered into an agreement whereby Cabin Fever, in exchange for the use of his historical Lynyrd Skynyrd film footage in a documentary that Cabin Fever was producing, would jointly or severally pay him $5,000 and 2.5% of the net profits from the documentary. (Reed Dec. ¶18)[DOC. 75]. Cabin Fever even acknowledged in writing its agreement with Reed (*i.e.*, "our agreement").[1] *Id.* at ¶18-20, Ex.B thereto.

Now, after having failed to address this undisputed fact in its initial brief, and despite knowing of Waxman's involvement in the underling transactions long before it filed its brief (*see* Ex.A to Reed Dec., which was produced during initial discovery), RHI attaches to its reply brief a declaration from Jeff Waxman stating that he is an independent producer. RHI argues that Waxman's oral promises, therefore, did not bind Cabin Fever.[2]

---

[1] Reed declared he understood "our agreement" to mean the agreement between him and Cabin Fever whereby Cabin Fever would pay him $5,000 and 2.5% of *its* net profits. (Reed ¶ 21). That testimony remains uncontested. RHI contends, however, that there are other possible interpretations for "our agreement." (RHI Reply pg. 6). If such is the case, as RHI contends, then the Cabin Fever letter to Reed acknowledging this agreement is ambiguous, creating a factual issue permitting the introduction of extensive evidence to explain the term and define the parties' intent. *Vulcan Corp. v. Freeland,* 2006 WL 2241665 at ¶11 (Ohio App. 1st Dist. 2006). Alternatively, it create a Civil Rule 56(f) issue requiring either discovery thereon to determine the intended meaning and scope of "our agreement" or outright dismissal of any summary judgment argument premised thereon.

[2] Tellingly, Waxman does not declare that he did not agree to the arrangement whereby Cabin Fever, by whom he was paid to direct and produce Freebird…The Movie, would pay Reed $5,000 and 2.5% of the net profits it earned from the documentary in consideration of using his

As an initial matter, the submission of the Waxman declaration is improper. That declaration was submitted for the first time in the context of a reply. As such, it cannot be considered by the Court:

> As the moving party, appellees were required to point to evidentiary materials pursuant to Civ. R. 56(C) in their initial motion, not in a reply, **otherwise the nonmoving party's opportunity to respond and demonstrate a genuine issue of material fact would be lost.**

*Carl Ralston Ins. Agency, Inc. v. Kenneth A. Boldt Ins. Agency*, 2006 Ohio 3916 at ¶12 (9th Dist. 2006). Accordingly, the Court should reject Waxman's declaration for the additional reason that it was first appended to RHI's Reply.

Second, RHI's argument is misplaced substantively. Whether or not Waxman was clothed with the authority to make a representation on behalf of Cabin Fever or bind Cabin Fever to the payment arrangement is irrelevant.[3] Cabin Fever, on its own stationary, acknowledged and ratified the agreement Waxman made with Reed. *See Bailey v. Midwestern Enterprises, Inc.*, 103 Ohio App.3d 181, 185 (1995) (a principal ratifies an unauthorized act of an agent if the principal conducts himself in a way which manifests his intention to approve an earlier act performed by an agent which otherwise would not have bound him).[4] As such, this Court should

---

film footage in the documentary Cabin Fever was creating for sale. Thus, Reed's testimony regarding his direct agreement with Cabin Fever remains undisputed.

[3] Whether Waxman acted as an authorized agent for Cabin Fever is also a question of fact for the jury. *Arnett v. Midwestern Entertainment, Inc.*, 95 Ohio. St. 3d 429, 434 (1994). Regardless, Reed understood Waxman to be an authorized agent of Cabin Fever, which understanding Cabin Fever later confirmed when it acknowledged its "agreement" with Reed and began making payments in accordance with the terms Waxman agreed to on behalf of Cabin Fever. (Reed Dec. ¶21). Moreover, Freebird Video also understood Waxman to be acting on behalf of Cabin Fever. *Id.* at ¶17 Ex. A ("You have agreed to Federal Express to Jeff Waxman at Cabin Fever Entertainment all of your ...").

[4] Even if Waxman was not cloaked with the authority to bind Cabin Fever, the question as to whether Cabin Fever ratified or accepted that contract by acknowledging it in writing and making payments there under is a question of fact to be determined by the jury. *Bailey*, 103

disregard the Waxman declaration because it does nothing to counter the uncontroverted evidence showing Cabin Fever and Reed entered into an agreement to pay Reed $5,000.00 plus 2.5% of Cabin Fever's net profits from the documentary.

### 2. Second Declaration of Jeff Ringler (proffered by RHI)

This Court should strike Jeff Ringler's second declaration for similar reasons. First, it is untimely and steals from Reed the opportunity to respond and demonstrate the issues of material fact associated therewith. *See Ralston*, 2006 Ohio 3916 at ¶12. Second, Ringler, for the first time, identifies that he was employed by RHI's predecessor Hallmark. (Second Ringler Dec. ¶1) [DOC. 89-3]. Although he still fails to lay a foundation showing any first hand knowledge about the underlying documents,[5] transactions, or how he is aware of industry custom and practice regarding the purchase of a movie library,[6] had Ringler provided the information regarding his earlier employment with Hallmark via his first declaration, Reed could have dispensed with the cost, time, and space necessitated with addressing that earlier deficiency. Regardless, Ringler's declarations remain deficient and must be stricken (or disregarded) because the assertions therein are unsupported and conclusory, making them inadmissible (*see Gribcheck v. Runyon*, 245 F.3d 547, 552-53 (6th Cir. 2001) and, as to the Second Declaration, also untimely. *See Ralston*, 2006 Ohio 3916 at ¶12.

---

Ohio App. 3d at 185. As such, RHI's agency argument is not only belied by the facts (which show a ratified agreement), but it also raises questions not properly resolved via summary judgment.

[5] A custodian of the records must authenticate the corporate documents RHI relies upon. Ringler does not provide the requisite authentication of the records – even after a second try. He fails altogether to provide any testimony about the manner of record-keeping at either Hallmark or RHI. As such, RHI failed to provide admissible evidence, rendering the corporate documents and his statements based thereon inadmissible. *In re Custodian of Records of Variety Distributing, Inc.*, 927 F.2d 244, 248 (6th Cir. 1991).

[6] Mr. Ringler never states that he has ever personally been involved in such a transaction. Rule 56(e) requires that affidavits "be made on personal knowledge [and] set out facts that would be admissible in evidence...." Fed. R. Civ. P. 56(e)(1).

### 3. Declarations of Judy Jenness and Gary Haber (proffered by the Lynyrd Skynyrd Defendants)

The declarations of Judy Jenness [DOC. 88] and Gary Haber [DOC. 86] were also first submitted via Lynyrd Skynyrd's reply brief. For this reason alone, they must be rejected so as to avoid the prejudice which would otherwise befall Reed through the submission of an untimely declaration to which he cannot respond. *See Ralston*, 2006 Ohio 3916 at ¶12.

### 4. Supplemental Declaration of Ross Schilling (proffered by the Lynyrd Skynyrd Defendants)

The Supplemental Declaration of Ross Schilling [DOC. 87] is also untimely and should be stricken. *See Ralston*, 2006 Ohio 3916 at ¶12. Additionally, Paragraphs 1, 3, and 5 are superfluous to the Lynyrd Skynyrd Defendants' arguments on summary judgment. Paragraph 2 is additionally objectionable because it includes derogatory comments which have no place in this litigation and have no bearing on the pending claims. Moreover, Schilling was aware of all the purported facts referenced above when he filed his first declaration. He could have easily asserted then, enabling Reed to address the comments directly, particularly the derogatory ones.

Equally important, Paragraph 4 of Schilling's Supplemental Declaration undermines the Lynyrd Skynyrd's Defendants' defense that each of their copies of Reed's film footage was a fair use. Reed identified specific examples of Lynyrd Skynyrd using his footage to promote its concerts and not as part of their alleged historical and transformative "homage" to the original band. Schilling's statement that he "does not recall" such uses creates, at best for the Lynyrd Skynyrd Defendants, a factual issue regarding the purpose and character of their uses of Reed's film footage and, at worst, fails altogether to contravene Reed's specific recollection regarding the marketing of his film footage by the Lynyrd Skynyrd Defendants for commercial, non-transformative, and unfair purposes. Accordingly, paragraph 4 of the Schilling Supplemental Declaration actually undermines the Lynyrd Skynyrd Defendants' fair use defense.

## B. The New Arguments on Reply

A reply brief is not meant to raise new arguments and defenses. Courts should not consider arguments raised for the first time in a reply brief. *See Jones v. Reynolds*, 438 F.3d 685, 695 (6th Cir. 2006) (stating, "*Davis v. Brady*, 143 F.3d 1021 (6th Cir.1998), was cited for the first time in Jones' reply brief, where new arguments may not be made" citing *Rush v. Ill. Cent. R.R. Co.*, 399 F.3d 705, 727 n. 19 (6th Cir.2005)); *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir.2001) (citing *Bendix Autolite Corp. v. Midwesco Enters., Inc.*, 820 F.2d 186, 189 (6th Cir.1987)); *U.S. v. Demjanjuk*, 367 F.3d 623 (6th Cir. 2004) (applying this concept in the appeal context, "In fact '[c]ourt decisions have made it clear that the appellant cannot raise new issues in a reply brief; he can only respond to arguments raised *for the first time* in appellee's brief." (internal quotations omitted, quoting *United States v. Jerkins*, 871 F.2d 598, 602 n. 3 (6th Cir.1989)); *Wright v. Holbrook*, 794 F.2d 1152, 1156-57 (6th Cir. 1986) (holding that arguments raised for the first time in a reply brief will not be considered on appeal). To do so would prejudice the non-movant, who has no chance to respond to the new arguments. *Id.*

In its reply brief, RHI raised three new arguments for the first time. Specifically, it argues the parol evidence rule bars Reed's contention that Cabin Fever was a party to his agreement with Freebird Video Productions relating to the production of Freebird...The Movie. RHI further contends, for the first time, that there is no consideration to support the separate and independent agreement by Cabin Fever to pay Reed $5,000.00 and 2.5% of net profits from the documentary. Finally, RHI raises a new argument that Jeff Waxman was not authorized to bind Cabin Fever to its agreement to pay Reed. Because RHI raised each of these new arguments for

the first time via its reply, they are barred. *See, e.g., Jones*, 438 F.3d at 695. Moreover, the new arguments are flawed.[7]

### 1. RHI's Defective Parole Evidence Argument.

RHI's parole evidence argument misses the mark completely. Reed is not seeking to alter the terms of the Freebird Video letter agreement with parole evidence, nor did Reed ever state that Cabin Fever was a party to the writing he signed with Freebird Video. On the contrary, Reed has asserted and proven (via uncontested evidence) that he has an independently enforceable direct agreement with Cabin Fever whereby Cabin Fever would pay Reed $5,000.00 plus 2.5% of the net profits earned by it from the documentary incorporating his film footage. (Reed Dec. ¶¶18-21). Thus, the parol evidence rule does not apply.[8]

Perhaps, because Cabin Fever did not sign the Freebird Video letter agreement, it is not bound by its terms. Even if this proves to be true, Cabin Fever <u>did</u> enter into its own direct contract with Reed (subsequently acknowledged in a writing), which no party or person (including Jeff Waxman) has disavowed or disputed.[9] Moreover, even if the parol evidence rule

---

[7] Alternatively, in addition to the Motion for Leave to File Sur-Reply Memorandum *Instanter* that Plaintiffs filed regarding the fourth factor of the fair use analysis, Reed should be granted (and moves for) leave to file a sur-reply to address the new arguments referenced herein if the Court intends to consider Defendants' arguments substantively.

[8] The parole evidence rule is also inapplicable because it only applies to integrated writings. *Galmish v. Cicchini*, 90 Ohio St. 3d 22, 28 (1990). The Freebird Video letter that Reed signed contains no integration clause. It also is ambiguous, as confirmed by the different interpretations arising from the language contained in the letter (*compare, e.g.,* RHI Reply pg.3-4 with Reed Opposition pg.2). It will therefore be construed in favor of Reed and against Freebird Video as the drafter. *Central Realty Co. v. Clutter*, 62 Ohio St. 2d 411, 413 (1980). Finally, the letter actually refers to Cabin Fever throughout the document, rendering RHI's additional argument that parole evidence can not be used to add a party to the agreement who does not appear on the face of the document – Cabin Fever does appear on the face – inapplicable. *See Busler v. DRH Mfg., Inc.*, 81 Ohio App. 3d 385, 390 (1992)(parole evidence applies to unambiguous contracts).

[9] At a minimum, the question about whether an agreement exists between Cabin Fever and Reed is a factual issue which cannot be resolved on summary judgment. *See Arnold Palmer Golf Co. v. Fuqua Industries, Inc.*, 541 F.2d 584, 588 (6th Cir. 1976)("...the question whether the parties intended a contract is a factual one, not a legal one...").

somehow applies, Cabin Fever ratified Reed's agreement with Waxman *after* Reed signed the Freebird Video letter agreement. *Compare* Reed Dec. Exs. A and B. The parol evidence rule does not bar evidence of subsequent agreements. *Galmish v. Cicchini*, 90 Ohio St. 3d 22, 27 (1990). As such, RHI's parol evidence argument is fundamentally flawed.

### 2. RHI's Consideration Argument is Misplaced.

RHI also contends that Cabin Fever received no consideration from Reed to support its promise to him to pay him $5,000.00 plus 2.5% of its royalties arising from the documentary. Cabin Fever, however, acknowledged that it, in fact, received consideration: It received, analyzed, and used his film footage in the documentary it produced and distributed. (Reed Dec. ¶17-20 and Exs. A and B thereto). Thus, Cabin Fever received consideration for its payments and its promise to pay. Regardless, the question of whether Cabin Fever received consideration for its promise is an issue of fact, making RHI's reliance upon this defense for purposes of summary judgment misplaced. *See, e.g., Seventh Urban, Inc. v. University Circle Property Dev., Inc.*, 1982 WL 2617 at *3 n.6 (Ohio App. 8th Dist. 1982) ("Whether a contact has been made is inherently a question of fact requiring resolution at trial by a finder of facts.").

### 3. RHI's Agency Argument is Deficient.

RHI's agency argument is equally flawed. As an initial matter, the question about whether an individual was the authorized agent (via actual or apparent authority) of a party is an issue left to the province of the jury because of the factual questions associated therewith. *Arnett v. Midwestern Entertainment, Inc.*, 95 Ohio App. 3d 429, 434 (1994). This is especially the case here where Reed understood Waxman to be acting on behalf of Cabin Fever – as did Freebird Video – and where Cabin Fever acknowledged and made the initial installment payments to Reed as promised by Waxman. (Reed Dec. ¶18, 20-21 and Exs. A and B thereto). But even if Waxman did not have the apparent or actual authority to bind Cabin Fever directly, Cabin Fever

ratified the agreement by acting in a manner (via payment and a written acknowledgment of the agreement) manifesting its intent to approve and be bound by the acts of Waxman. *See Bailey v. Midwestern Enterprises, Inc.*, 103 Ohio App.3d 181, 185 (1995). Finally, even the issue of ratification involves questions of fact (*see Id.*), providing ever more reason for why RHI's agency argument is not properly resolved on summary judgment.

### III. CONCLUSION

The arguments and evidence that Defendants first presented via their reply briefs are not properly before this Court and must be stricken. Any other result would manifestly prejudice Reed, particularly because the new arguments and evidence are flawed and do not pass muster under Federal Civil Rule 56. As a result, the Court should strike: (a) the declarations of Judy Jenness, Gary Haber, and Jeff Waxman; (b) the supplemental declarations of Ross Schilling and Jeff Ringler; and (c) RHI's new arguments premised upon the parole evidence rule, failure of consideration, and agency.

Respectfully submitted,

/s/ H. Alan Rothenbuecher
H. Alan Rothenbuecher, Esq.
  hrothenbuecher@szd.com
T. Earl LeVere, Esq.
  elevere@szd.com
Schottenstein Zox & Dunn, Co., LPA
US Bank Center at Playhouse Square
1350 Euclid Avenue, Suite 1400
Cleveland, Ohio 44115
Phone: (216) 394-5075
Facsimile: (216) 394-5092

*Attorneys for Plaintiffs Craig Reed and Survivor Films, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2009, a copy of the foregoing *Motion to Strike Portions of Defendants' Reply Briefs and Supporting Evidence* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ H. Alan Rothenbuecher
H. Alan Rothenbuecher