# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| REED, et al., ) | |
|                 Plaintiffs, ) | CASE NO. 1:08-CV-1761 |
| ) | |
| vs. ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| FREEBIRD FILM PRODUCTIONS, INC., ) | |
|   et al., ) | |
| ) | |
|                 Defendants. ) | |
| ) | |

### LYNYRD SKYNYRD DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS' REPLY BRIEFS AND SUPPORTING EVIDENCE OR, IN THE ALTERNATIVE, OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE *INSTANTER* A SUR-REPLY MEMORANDUM IN OPPOSITION TO THE LYNYRD SKYNYRD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**I.  INTRODUCTION**

Defendants Freebird Film Productions, Inc., Fly On, Inc., Vector Management, Inc., Gary Rossington, Ross Schilling, and Lynyrd Skynyrd Productions, Inc. (collectively, the "Lynyrd Skynyrd Defendants") have moved for summary judgment on all the claims in the Complaint asserted by Plaintiffs Craig Reed ("Reed") and Survivor Films, Inc. ("Survivor" and, together

1

with Reed, "Plaintiffs").[1] In their opposition to the Lynyrd Skynyrd Defendants' motion, Plaintiffs took issue with certain arguments and evidence offered by the Lynyrd Skynyrd Defendants in support of their motion.[2] Although the Lynyrd Skynyrd Defendants stand by the arguments and evidence offered in support of their summary judgment motion, in response to the arguments raised by Plaintiffs in their opposition, the Lynyrd Skynyrd Defendants offered with their reply memorandum the declaration of Judy Jenness (the "Jenness Declaration") and the supplemental declarations of Gary Haber (the "Haber Supplemental Declaration") and Ross Schilling (the "Schilling Supplemental Declaration"). Now, not only have Plaintiffs filed a motion to for leave to file a sur-reply in opposition to the Lynyrd Skynyrd Defendants' motion for summary judgment, but Plaintiffs also object to the above-referenced declarations as untimely and argue that they should be stricken.

The Jenness Declaration and the Haber and Schilling Supplemental Declarations, however, are properly before this Court. Therefore, the Lynyrd Skynyrd Defendants respectfully request that this Court deny Plaintiffs' pending motion to strike insofar as it relates to those declarations. In the alternative, the Lynyrd Skynyrd Defendants request that this Court deny Plaintiffs' pending motion for leave to file a sur-reply inasmuch as Plaintiffs' sur-reply is meritless and is merely an attempt to have the last word on the issues of this case.

**II.  LAW AND ARGUMENT**

    **A.  All of the Declarations Offered by the Lynyrd Skynyrd Defendants Were Timely**

Plaintiffs argue that the Jenness Declaration and the Haber and Schilling Supplemental Declarations must be stricken simply because they were submitted with the Lynyrd Skynyrd

---

[1] *See* Lynyrd Skynyrd Defs.' Mot. Summ. J. (Dkt 60) (hereinafter, "LSD MSJ").
[2] *See, e.g.*, Pls.' Mem. in Opp'n to Lynyrd Skynyrd Defs.' MSJ (Dkt. 82) (hereinafter, "Pls.' Opp'n Mem.") 3-5.

Defendants' reply brief.[3] However, the Sixth Circuit has expressly approved of such filings, holding that a declaration attached to a reply brief is not untimely if it responds to arguments raised in a response brief. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (6th Cir. 2002). *See also Omega Cable & Comm., Inc. v. Time Warner, Inc.*, No. 5:05CV1780, 2008 WL 163613, at *1 (N.D. Ohio Jan. 16, 2008) ("[W]here the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers—both briefs and affidavits—may properly address those issues."). Furthermore, Rule 56(e)(1) provides that the court "may permit an affidavit to be supplemented or opposed by . . . additional affidavits."

1. <u>The Jenness Declaration and the Haber Supplemental Declaration</u>

The Jenness Declaration and the Haber Supplemental Declaration are not untimely declarations. No new arguments are presented in these declarations. Rather, the Jenness Declaration and the Haber Supplemental Declaration were simply offered (1) in response to Plaintiffs' arguments regarding the evidence offered in support of the Lynyrd Skynyrd Defendants' motion for summary judgment and (2) as a supplement the Declaration of Mark Avsec, and specifically to the financial statements offered in Exhibit L of that Declaration.

The financial statements offered by the Lynyrd Skynyrd Defendants as Exhibit L to the Avsec Declaration were produced by Hallmark/RHI, Defendant Cabin Fever's successor-in-interest. Hallmark/RHI and Cabin Fever are independent parties with respect to each of the Lynyrd Skynyrd Defendants and have their own interests in assuring that the royalties in question are properly calculated. These financial statements were filed in support of the Lynyrd Skynyrd Defendants' motion for summary judgment because they are the best evidence of the profits (specifically, the lack thereof) for "Freebird . . . The Movie" that have been received by

---

[3] Pls.' Mot. to Strike Portions of Defs.' Reply Briefs and Supporting Evid. (Dkt. 92) 5.

3

the Lynyrd Skynyrd Defendants to date. The financial statements unequivocally establish that the Lynyrd Skynyrd Defendants have not received any net profits from "Freebird . . . the Movie."[4] In an effort to avoid this bare fact, however, Plaintiffs assert that these documents are hearsay and unauthenticated.

However, the financial statements are not hearsay because they are records of regularly conducted activity under Federal Rule of Evidence 803(6). Furthermore, these documents meet the authentication requirement of Federal Rule of Evidence 901(a) because they are supported by evidence sufficient to support a finding that the matter in question is what the Lynyrd Skynyrd Defendants claim. Specifically, these documents were produced *during initial discovery* by *a party independent of each of the Lynyrd Skynyrd Defendants* and a jury could reasonably conclude that they are in fact financial statements for "Freebird . . . The Movie," which show that no profits have been paid to any of the Lynyrd Skynyrd Defendants.[5] Any evidence that would be admissible at trial under the Rules of Evidence may support a motion for summary judgment. Notwithstanding the foregoing, in response to Plaintiffs' complaints, the Lynyrd Skynyrd Defendants offered the Jenness Declaration and the Haber Supplemental Declarations as supplemental support for the fact that Freebird Film Productions has never received any net

---

[4] Plaintiffs admit as much in their opposition brief. *See* Pls.' Opp'n Mem. 5 ("As such, a genuine issue of material fact exists as to why Defendants failed to allocate any portion of these sales to the expenses related to "Freebird . . . The Movie' and whether, if properly accounted for and allocated, such proceeds *would have generated a profit* on 'Freebird . . . The Movie' thereby necessitating a payment to Plaintiff Reed.") (emphasis added).

[5] In *Fiordalisi v. Zubek*, 342 F. Supp. 2d 737 (N.D. Ohio 2004), the defendant moved to strike two summary judgment exhibits, i.e., a police report and medical records that were produced in discovery, on the basis that they were neither self-authenticating nor properly authenticated. The court held that, under Federal Rule of Evidence 901(a), "the court may admit evidence so long as there is a reasonable probability that the evidence is what it purports to be." *Id.* at 742. In the instant case, the financial reports were produced by Defendant RHI in discovery, and notwithstanding that these documents would likely be authenticated at trial by the testimony of the custodian or other qualified witness (or would be offered as self-authenticating under Fed. R. Evid. 902(11)), based on the evidence currently before this Court, a jury could reasonably conclude that the documents are what they purport to be.

4

profits from "Freebird . . . The Movie," and, in turn, that the financial statements offered in Exhibit L to the Avsec Declaration are accurate.[6]

In short, the Jenness Declaration and the Haber Supplemental Declaration were offered only in response to Plaintiffs' arguments made in their opposition memorandum and as a supplement to the Avsec Declaration filed with the Lynyrd Skynyrd Defendants' motion for summary judgment. The declarations do not contain any new arguments, but are merely supplemental support that, contrary to the assertions made by Plaintiffs, the financial statements offered in support of the Lynyrd Skynyrd Defendants' motion for summary judgment are accurate, and "Freebird . . . The Movie" has never generated any net profits.

### 2. The Schilling Supplemental Declaration

Similarly, the Schilling Supplemental Declaration is merely a supplement to Schilling's original declaration that was filed in support of the Lynyrd Skynyrd Defendants' motion for summary judgment, and is permissible under Rule 56(e)(1).

The Schilling Supplemental Declaration contains no new arguments. Indeed, the Schilling Supplemental Declaration contains only statements made in response to Plaintiffs' opposition materials and is offered only as a supplement to Schilling's original declaration.

### B. Plaintiffs Have Had an Opportunity to Respond to These Declarations

"While the Rules are silent as to timing matters with reply affidavits, precedent establishes that, in the face of new evidence, the court should permit the opposing party an opportunity to respond." *Omega Cable*, 2008 WL 163613, at *1. Assuming arguendo that the declarations in question constitute new evidence in this case (as opposed to supplemental evidence), the Lynyrd Skynyrd Defendants submit that Plaintiffs have had an opportunity to respond to these declarations by way of the sur-reply they seek to file in opposition to the Lynyrd

---

[6] *See* LSD MSJ 9-10; Lynyrd Skynyrd Defs.' Reply (Dkt. 85) 2-5.

Skynyrd Defendants' motion for summary judgment. Inasmuch as Plaintiffs had the opportunity to address any issues concerning these declarations in their sur-reply, the Court should also not strike any portions of these declarations and should deny Plaintiffs' motion to strike. Indeed, the Lynyrd Skynyrd Defendants ask for nothing more than for the Court to decide this case by considering all of the evidence before it.

### C. In the Alternative, Plaintiffs' Motion for Leave to File *Instanter* a Sur-Reply Memorandum in Opposition to the Lynyrd Skynyrd Defendants' Motion for Summary Judgment Should be Denied

To the extent that Plaintiffs' proposed sur-reply can be viewed as a response to any new evidence offered by the Lynyrd Skynyrd Defendants in their reply brief, the Lynyrd Skynyrd Defendants do not object to the proposed filing. However, if this Court were to grant Plaintiffs' motion to strike the Jenness Declaration and the Haber and Schilling Supplemental Declarations, Plaintiffs' proposed sur-reply could only be viewed as an impermissible response to arguments properly addressed by the Lynyrd Skynyrd Defendants in their reply brief.

The Lynyrd Skynyrd Defendants did not impermissibly exceed the scope of their reply brief by raising arguments that were not raised in their principal brief. Accordingly, Plaintiffs' motion for leave to file a sur-reply memorandum should be denied for that reason alone. Plaintiffs are merely attempting to have the last word on the issues of this case, which they are not entitled to.

Contrary to Plaintiffs' characterization in their proposed sur-reply memorandum, the Lynyrd Skynyrd Defendants' "right of publicity" argument is not a "now-invigorated theory." It has always been the Lynyrd Skynyrd Defendants' contention, as the Lynyrd Skynyrd Defendants initially asserted in their principal brief, that "[c]ommercial uses [of Reed's Film] would have

violated the band members' right of publicity."[7] It was Plaintiffs, in response, who subsequently asked the Court to read the Sixth Circuit Court of Appeals' decision in *ETW Corporation v. Jireh Publishing, Inc.*, 332 F.3d 915 (6th Cir. 2003) as flat-out excusing Plaintiffs from needing "Defendants' consent to make a commercial use of creative works that incorporate [Defendants'] likenesses."[8] However, this characterization of *Jireh* in Plaintiffs' opposition brief was not only misleading—it was plainly wrong—and the Lynyrd Skynyrd Defendants appropriately addressed Plaintiffs' misleading characterization in their reply brief.

Further, Plaintiffs' conclusion in their proposed sur-reply as to how *Jireh* should affect the Court's interpretation of the fourth fair use factor under 17 U.S.C. § 107 (the effect upon the market for the copyrighted work), is also misleading to this Court. For the sake of argument, even assuming Plaintiffs were able to identify a legitimate transformative product incorporating Reed's footage[9] that Reed could exploit because it passes the *Jireh* test, i.e., one that Reed could legitimately market without implying an endorsement by the Lynyrd Skynyrd organization, the fact remains that no reasonable jury could conclude that the demand for such a product had been adversely effected simply because the Lynyrd Skynyrd Defendants previously used, years earlier, such small percentages (according to Plaintiffs' own calculations[10]) of the same footage in live concerts and a couple of video products for their own transformative purposes.[11] To be

---

[7] LSD MSJ 14 n.78. *See also id.* and accompanying text.
[8] Pls.' Opp'n Mem. 19. *See also id.* ("Indeed, law in this Circuit demonstrates that Plaintiffs do not need Defendants' consent to make a commercial use of creative works that incorporate their likenesses.") (citing *Jireh*, 332 F.3d 915).
[9] Plaintiffs also disingenuously chide the Lynyrd Skynyrd Defendants for failing to offer Plaintiffs' "actual Film into evidence for the Court's consideration." Pls.' Mot. for Leave to File *Instanter* a Sur-Reply Mem. in Opp. to the Lynyrd Skynyrd Defs.' Mot. for Summ. J. 3. However, Plaintiffs have never provided a copy of the Film to the Lynyrd Skynyrd Defendants in discovery—which begs the questions: why haven't *they* produced the actual 90 minute Film and why haven't *they* offered the Film into evidence for the Court's consideration?
[10] *See* LSD MSJ 18 and Avsec Decl. Ex. R. (Plaintiffs' logs indicating the "Reel Source" and "Time Used" of Reel 1 and Reel 2 in each allegedly infringing work).
[11] *See* LSD MSJ 14-15 (explaining that the Lynyrd Skynyrd Defendants used the film: (1) as historical artifacts to document the actual occurrence of original Lynyrd Skynyrd concert events; (2) to educate and remind the audience

clear, the Lynyrd Skynyrd Defendants' burden is not to show that there is no legitimate product incorporating the Film that Reed might take to market, as hard as it has been for even Plaintiffs to imagine one; rather, the Lynyrd Skynyrd Defendants' burden is to show that the market for such a product has not been usurped.[12] Under the circumstances, no reasonable person could conclude that it has and, therefore, for all of the reasons and authorities contained in the Lynyrd Skynyrd Defendants' briefs, summary judgment is appropriate.

For all of these reasons, Plaintiffs' motion for leave to file their sur-reply memorandum should be denied.

## III. CONCLUSION

Despite Plaintiffs' attempt to create disputed facts and make this case appear much more complicated than it really is, the Jenness Declaration and the Haber and Schilling Supplemental Declarations are in no way inconsistent with the record evidence provided by the Lynyrd Skynyrd Defendants or adduced by Plaintiffs. These declarations were properly and timely offered by the Lynyrd Skynyrd Defendants in support of their motion for summary judgment.

For the foregoing reasons, the Lynyrd Skynyrd Defendants respectfully request that this Court deny Plaintiffs' Motion to Strike Portions of Defendants' Reply Briefs and Supporting Evidence insofar as it pertains to the declaration of Judy Jenness and the supplemental declarations of Gary Haber and Ross Schilling, particularly since Plaintiffs had the opportunity to address any issues concerning these declarations in their sur-reply. In the alternative, for the foregoing reasons, the Lynyrd Skynyrd Defendants respectfully request that this Court deny

---

about the history and biography of the band; and (3) to pay homage to the band members who died in the plane crash, including founder, singer, and lyricist Ronnie Van Zant).

[12] *See* LSD MSJ 18 ("The fourth factor, the most important, considers 'the effect of the use upon the potential market for or value of the copyrighted work.' 'It requires courts to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also 'whether unrestricted and widespread conduct of the sort engaged by the defendant . . . would result in a *substantially adverse impact on the potential market*' for the original.") (emphasis added) (citations omitted).

Plaintiffs' Motion for Leave to File *Instanter* a Sur-Reply Memorandum in Opposition to the Lynyrd Skynyrd Defendants' Motion for Summary Judgment.

Respectfully submitted,

DATED: March 31, 2009

*/s/ Mark E. Avsec*
Mark E. Avsec (0064472)
mavsec@beneschlaw.com
Bryan A. Schwartz (0078527)
bschwartz@beneschlaw.com
Angela R. Gott (0082198)
agott@beneschlaw.com
**BENESCH, FRIEDLANDER,**
 **COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588

*Attorneys for Defendants Freebird Film Productions, Inc., Fly On, Inc., Vector Management, Inc., Gary Rossington, Ross Schilling, and Lynyrd Skynyrd Productions, Inc*.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2009, a copy of the foregoing **LYNYRD SKYNYRD DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS' REPLY BRIEFS AND SUPPORTING EVIDENCE OR, IN THE ALTERNATIVE, OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE *INSTANTER* A SUR-REPLY MEMORANDUM IN OPPOSITION TO THE LYNYRD SKYNYRD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties. Parties may access this filing through the Court's system.

      /s/ Mark E. Avsec
*One of the Attorneys for Defendants Freebird Film Productions, Inc., Fly On, Inc., Vector Management, Inc., Gary Rossington, Ross Schilling, and Lynyrd Skynyrd Productions, Inc.*