# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **CRAIG REED, et al.,** | ) | **CASE NO. 1:08CV1761** |
| | ) | |
| Plaintiffs, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **FREEBIRD FILM** | ) | |
| **PRODUCTIONS, INC., et al.,** | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #50) of Defendant RHI Entertainment Distribution, LLC (Successor in Interest to Named Defendant Hallmark Entertainment Dist., LLC) for Summary Judgment; Civil Rule 56(f) Motion (ECF DKT #75) of Plaintiffs, Craig Reed and Survivor Films, Relating to RHI's "Lack of Profit" and "Contemplation" Defenses; and Plaintiffs' Motion (ECF DKT #92) to Strike Portions of Defendants' Reply Briefs and Supporting Evidence. For the reasons that follow, the Motion of Defendant RHI for Summary Judgment is granted; Plaintiffs' Rule 56(f) Motion is denied as it relates to Defendant RHI; and Plaintiffs' Motion to Strike as it relates to Defendant RHI is denied as moot.

## I. FACTUAL BACKGROUND

Plaintiff Craig Reed ("Reed") worked as a professional stage hand for multiple professional recording and performing artists, including Lynyrd Skynyrd. In 1976 and 1977, Reed shot approximately ninety minutes of concert and "behind the scenes" film footage containing various members of Lynyrd Skynyrd and its crew. Later, Reed edited the footage

to create two reels of film, "Reel 1" and "Reel 2." On July 31, 1995, Reed entered into a written license agreement with Defendant Freebird Video (n/k/a Freebird Film) for the use of his film footage in a Lynyrd Skynyrd documentary, to be produced by Freebird and Defendant Cabin Fever. At the outset, Freebird agreed to pay Reed, or cause Cabin Fever to pay Reed, the sum of $2500.00. If the footage ultimately were included in the documentary, an additional $2500.00 would be paid upon the initial public exhibition of the documentary. The agreement provided further: "In addition, we agree to pay to you 2.5% of our net profits derived from exploitation of the Documentary itself in any manner or media. We shall pay you your percentage of net profits as and when we receive monies, it being understood that there is no guarantee of any profits being generated."

Defendant RHI acquired the assets of Cabin Fever pursuant to an Asset Purchase Agreement dated March 2, 1998. The rights to the documentary, "Freebird . . . The Movie," were specifically assigned to RHI by Cabin Fever through an Assignment, effective March 2, 1998.

On January 8, 2008, Reed assigned all rights, title and interest in Reel 1 and Reel 2 to Plaintiff Survivor Films, Inc. Survivor holds United States Copyright Registration No. PA 1-596-609 for Reel 1 and United States Copyright Registration No. PA 1-596-611 for Reel 2.

Count I of Plaintiffs' Complaint sounds in breach of contract. Plaintiffs allege Reed and Freebird and Cabin Fever entered into an agreement, by which Freebird and Cabin Fever would pay Reed 2.5% of the net profits derived from "Freebird . . . The Movie." Although Plaintiffs have performed all their obligations under the agreement, Plaintiffs allege Defendants have breached by failing to pay Reed or Survivor 2.5% of the net profits.

Count II alleges Copyright Infringement, to-wit: Defendants included excerpts of Reel 1 and/or Reel 2 in live performances and video projects, which constitutes unauthorized reproduction of Plaintiffs' copyrighted work; unauthorized distribution of copies of Plaintiffs' copyrighted work; unauthorized public performance of Plaintiffs' copyrighted work; and unauthorized public display of Plaintiffs' copyrighted work, in violation of 17 U.S.C. §§ 106(1)-(5).

## II. LAW AND ANALYSIS

### Standard of Review

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir. 2006); *Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir. 2005). The initial burden to demonstrate the absence of a genuine issue of material fact rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "When a motion for summary judgment is properly made and supported" the initial burden shifts to the opposing party, who "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *accord Leadbetter v. Gilley*, 385 F.3d 683, 689-90

(6th Cir. 2004); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). A fact is material only if its resolution "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). "Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true." *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317). Furthermore, the court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Betkerur v. Aultman Hosp. Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996). Rather, the burden falls on the non-moving party to designate specific facts or evidence in dispute. *Anderson*, 477 U.S. at 249-250.

**Discussion**

As the moving Defendant correctly points out, Count I of Plaintiffs' Complaint does not allege breach of contract against Defendant RHI Entertainment Distribution, LLC. In fact, there is no mention of Defendant RHI in the text of Count I. The Sixth Circuit Court of Appeals noted in *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426 at 437 (6th Cir. 2008):

>Though liberally construed, Complaints drafted by attorneys are held to a more stringent standard than those drafted by *pro se* litigants. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). ... The complaint must "give the defendants 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

The Court finds Plaintiffs' Complaint never gave Defendant RHI fair notice of a breach of contract claim, nor of the grounds upon which it relies. Therefore, the Motion for Summary Judgment of Defendant RHI is granted as to Count I.

In Count II of their Complaint, Plaintiffs allege Defendants, including Defendant RHI, infringed their copyrights in Reel 1 and Reel 2, by incorporating the footage in live performances, and by manufacturing, distributing, or selling DVD's, music videos and other video projects incorporating the footage, without Plaintiffs' consent. However, Plaintiffs admit they have no evidence to support those copyright infringement allegations as against Defendant RHI. In their Opposition Memorandum (ECF DKT #75 at p.10), Plaintiffs admit: "As such, it [RHI] has no apparent liability for copyright infringement relating to the use of Reed's film footage in other media or products." Moreover, Plaintiffs begin the next paragraph with the words, "Despite having no apparent liability for copyright infringement, ...". *Id*. In view of this concession, the Court grants summary judgment in favor of Defendant RHI on Count II of Plaintiffs' Complaint as well.

**Civil Rule 56(f) Motion**

Subsection (f) of Fed. R. Civ. P. 56 reads as follows:

(f) When Affidavits Are Unavailable.  If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    (1) deny the motion;
    (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
    (3) issue any other just order.

To fulfill these requirements of Rule 56(f), the party's affidavit must show with "'some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment.'" *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996)).

In conjunction with their Memorandum in Opposition to RHI Entertainment's Motion for Summary Judgment (ECF DKT #75), Plaintiffs seek leave to obtain discovery under Fed. R. Civ. P. 56(f).  In its dispositive motion, RHI makes the alternative argument that, if it were held liable for breach of contract as a successor in interest to Cabin Fever, or otherwise, Reed is entitled to no damages, since he was not an intended third-party beneficiary and since the costs of producing the documentary have yet to be recouped.  Plaintiffs counter with counsel's affidavit, declaring that if allowed, discovery will preclude RHI's so-called "lack of profit" and "contemplation" defenses.

The Court finds the affidavit of Plaintiffs' counsel is detailed and precise, as mandated by Rule 56(f).  Nonetheless, because no breach of contract claim, let alone successor liability or third-party beneficiary cause of action, has been alleged against Defendant RHI, the proposed discovery is irrelevant to resolution of the dispositive motion, and will not be

allowed.

**Motion to Strike**

Plaintiffs ask the Court to strike portions of Defendant RHI's Reply Brief, because it raises new arguments and defenses. Courts should not consider arguments and evidence introduced for the first time in a reply brief, because to do so, denies the opponent any opportunity to respond. See *Rush v. Illinois Cent. R.R. Co.,* 399 F.3d 705, 727 n.19 (6th Cir. 2005).

In light of this Court's decision that summary judgment is warranted on the breach of contract claim in Count I, since no claim is asserted against Defendant RHI in that Count, the Court finds it unnecessary to read or consider the purportedly new arguments and evidence. Plaintiffs' Motion to Strike is, therefore, denied as moot.

### III. CONCLUSION

For the foregoing reasons, the Motion of Defendant RHI Entertainment for Summary Judgment is granted; Plaintiffs' Rule 56(f) Motion is denied as it relates to Defendant RHI; and Plaintiffs' Motion to Strike as it relates to Defendant RHI is denied as moot.

**IT IS SO ORDERED.**

**DATE: September 22, 2009**

 **S/Christopher A. Boyko**
 **CHRISTOPHER A. BOYKO**
 **United States District Judge**