# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CRAIG REED,** *et al.*, | ) |
| **Plaintiffs,** | ) ) ) |
| vs. | ) **CASE NO. 1:08CV1761** ) |
| **FREEBIRD FILM PRODUCTIONS, INC.,** *et al.*, | ) **JUDGE CHRISTOPHER A. BOYKO** ) ) |
| **Defendants.** | ) ) |

## PLAINTIFFS' MEMORANDUM SHOWING CAUSE
## WHY ADDITIONAL PARTIES NEED NOT BE JOINED

In its Show Cause Order dated February 8, 2010 [Doc. No. 99], the Court ordered Plaintiffs and Defendants to show cause as to why they need not join certain non-party individuals pursuant to Fed. Civ. R. 19 as parties required for complete disposition of the above-captioned action. Although it is always difficult to prove a negative, Plaintiffs Craig Reed and Survivor Films, Inc. are not aware of any individuals whose presence in this action is necessary to afford Plaintiffs the relief that they seek.

The Sixth Circuit has recognized that "[a}ssessing whether joinder is proper under Rule 19 is a three-step process." Glancy v. Taubman Centers, Inc., 373 F.3d 656, 666 (6th Cir. 2004) (citing 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 19.02[3][a], at 19-17 (3d ed. 2003)). "When a party to a federal lawsuit moves to join a nonparty resisting joinder, the district court must answer three questions: . . . Is the absentee's presence necessary? If the absentee's presence is necessary, is her joinder feasible? If the absentee's joinder is not feasible, is she indispensable?" Id. (citing W. Md. Ry. Co. v. Harbor Ins. Co., 910 F.2d 960, 961 (D.C.Cir.1990)). Accordingly, the court first must determine whether the person or entity is a

necessary party under Rule 19(a). See Temple v. Synthes Corp., 498 U.S. 5, 8 (1990) (establishing that Rule 19(b) inquiry is required only if party satisfies the threshold requirements of Rule 19(a)).

Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity would deprive the court of subject matter jurisdiction. Glancy, 373 F.3d at 666 (citing W. Md. Ry. Co., 910 F.2d at 961 ("If the absentee should be joined, can the absentee be joined?")); 4 MOORE'S FEDERAL PRACTICE § 19.02[3][b], at 19-18 ("If the absentee is necessary . . . the next question is whether joinder of the absentee is feasible."). Because the Court derives jurisdiction in this matter from the Copyright Act, joinder of additional parties, if required, would not divest the Court of its power to hear this action. See Ritchie v. Williams, 395 F.3d 283, 285-86 (6th Cir. 2005) (noting that "[t]he Copyright Act is unusually broad in its assertion of federal authority" and that 28 U.S.C. § 1388(a) vests the federal courts with exclusive jurisdiction over copyright claims, independent of the citizenship of the parties).

Third, although unlikely here due to federal preemption and the exclusive statutory jurisdiction over Plaintiffs' copyright claim, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable. Glancy, 373 F.3d at 666 (citing W. Md. Ry. Co., 910 F.2d at 961 ("If the absentee cannot be joined, should the lawsuit proceed without [him or] her nonetheless?")). Thus, a person or entity is only indispensable, within the meaning of Rule 19, if (1) the person or entity is necessary, (2) the person or entity's joinder cannot be effected, and (3) the court determines that it should dismiss the pending case rather than proceed without the absentee party. Glancy, 373 F.3d at 666.

As the Court's Order to Show Cause notes, Defendants' counsel made reference to certain other individuals who allegedly impacted the parties' ability to resolve this dispute on the terms the parties had been discussing. Defendants have not identified these individuals nor explained in any detail these individuals' connection to any of the parties already in this action or to any of the claims asserted herein. As a result, Plaintiffs are unable to opine with certainty as to whether these unidentified individuals satisfy the test set forth above. Plaintiffs affirmatively state, however, that they are unaware of any non-party individual or entity whose presence would be necessary under Fed. Civ. R. 19(a)(1) to enable the Court completely to afford the Plaintiffs the relief that they seek. Plaintiffs named all of the relevant parties who, to Plaintiffs' knowledge, were contractually involved with the production of "Freebird...the Movie" or who participated in the production and release of the audiovisual works that included Plaintiffs' copyrighted film without their permission. The individuals and/or entities that Defendants referenced did not relate to those products. Rather, as Plaintiffs understand it, Defendants believe that they would need consent from one or more of these individuals and entities in order for Defendants to covenant not to sue Plaintiffs for Plaintiffs' _future_ uses of Plaintiffs' own film. Although it is unrelated to the claims asserted, Plaintiffs had proposed the prospective covenant not to sue as a substitute for some portion of the damages that Plaintiffs claim as a result of Defendants' infringement. Accordingly, the individuals and entities that Defendants referenced are not necessary for the Court to issue the relief prayed for in the Complaint or to resolve the claims currently before the Court.

Defendants may have a different view. Plaintiffs note, however, that Defendants did not move to dismiss the Complaint pursuant to Rule 12(b)(7) for failure to join a party under Rule 19. And, while Defendants' decision was not a waiver pursuant to Rule 12(h), Defendants'

motion practice in this case signals that Defendants believe that all necessary parties (and some extras) were already in the suit. Accordingly, Plaintiffs suggest that the Court should view with skepticism any allegation by Defendants that additional parties are required. Finally, to the extent that Defendants identify any specific individuals or entities who Defendants believe should be joined, Plaintiffs respectfully request an opportunity to oppose such joinder if it continues to appear to Plaintiffs that the non-parties' presence is not required.

> Respectfully submitted,
>
> s/ H. Alan Rothenbuecher
> H. Alan Rothenbuecher, Esq.
>   hrothenbuecher@szd.com
> T. Earl LeVere, Esq.
>   elevere@szd.com
> Schottenstein Zox & Dunn Co., LPA
> US Bank Center at Playhouse Square
> 1350 Euclid Avenue, Suite 1400
> Cleveland, Ohio  44115
> Phone: (216) 394-5075
> Facsimile: (216) 394-5092
>
> *Attorneys for Plaintiffs Craig Reed and Survivor Films, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2009, a copy of the foregoing Plaintiffs' PLAINTIFFS' MEMORANDUM SHOWING CAUSE WHY ADDITIONAL PARTIES NEED NOT BE JOINED was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

> s/ H. Alan Rothenbuecher
> H. Alan Rothenbuecher