**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CRAIG REED, et al., ) | |
| ) | CASE NO. 1:08CV1761 |
| Plaintiffs, ) | |
| ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. ) | |
| ) | |
| FREEBIRD FILM PRODUCTIONS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANT LYNYRD SKYNYRD PRODUCTIONS, INC.'S MOTION FOR LEAVE TO FILE *INSTANTER* ITS FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Defendant Lynyrd Skynyrd Productions, Inc., through its counsel, hereby moves this Court for permission to file *instanter* its First Amended Answer, Affirmative Defenses, and Counterclaims in this action. Lynyrd Skynyrd Productions, Inc.'s proposed First Amended Answer, Affirmative Defenses, and Counterclaims are attached as **EXHIBIT 1**. The counterclaims are necessary to fully adjudicate all issues in this action. The bases for this Motion for Leave are more fully detailed in the following Memorandum in Support.

For the Court's convenience, a Proposed Order granting this Motion is submitted herewith.

### MEMORANDUM IN SUPPORT

Plaintiffs Craig Reed ("Reed") and Survivor Films, Inc. ("Survivor" and, together with Reed, "Plaintiffs") filed this action against Defendants Freebird Film Productions, Inc., Fly On, Inc., Vector Management, Inc., Gary Rossington, Ross Schilling, Judy Van Zant Jenness, and

Lynyrd Skynyrd Productions, Inc. (collectively, the "Lynyrd Skynyrd Defendants"), and against other parties,[1] for the alleged breach of an agreement (Count I) concerning the use in a documentary film of portions of film footage (the "Subject Film Footage") that Reed shot and Survivor claims to own, and for alleged copyright infringement (Count II) concerning the use of portions of the Subject Film Footage in various audio-video products, music videos, and in conjunction with certain live Lynyrd Skynyrd concerts.  The Lynyrd Skynyrd Defendants have answered to the allegations in Plaintiffs' Complaint.

Defendant Lynyrd Skynyrd Productions, Inc. now seeks leave of Court to amend its Answer to assert counterclaims for federal trademark infringement, federal trademark dilution, a violation of the Anti-Cybersquatting Consumer Protection Act, federal unfair competition, a violation of the Ohio Deceptive Trade Practices Act, and unfair competition under Ohio law.

Rule 15 of the Federal Rules of Civil Procedure provides that, once a responsive pleading is served, a party may amend a pleading only by leave of Court or by written consent of the adverse party.  Such leave to amend a pleading, however, "shall be freely given when justice so requires."  Fed. R. Civ. P. 15.  Furthermore, there is a general presumption in favor of allowing a party to amend pleadings.  *Forman v. Davis*, 371 U.S. 178 (1962).  Indeed, "[g]enerally speaking, the Sixth Circuit is very liberal in allowing amendments."  *Saad v. GE HFS Holdings, Inc.*, No. 1:03CV2557, 2006 WL 1866092 (N.D. Ohio Jun. 30, 2006) (*citing Northwestern Nat'l Ins. Co. of Milwaukee v. Joslyn*, 53 F.3d 331 (6th Cir. 1995)).  The law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile.

---

[1] Plaintiffs also sued Cabin Fever Entertainment, Inc., Hallmark Entertainment Dist., LLC, and Artisan Entertainment, Inc.  Pursuant to the Court's January 15, 2009 Order, Defendant Artisan Entertainment, Inc. and its successor-in-interest Lions Gate Films, Inc. have been dismissed from the case.

In deciding a motion to amend, the Court should consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party by virtue of allowance of the amendment." *Forman*, 371 U.S. at 182.  In the absence of these factors, "the leave sought should, as the rules require, be '*freely given*.'" *Id*. at 182 (emphasis added).

Here, there has been no undue delay or bad faith concerning Lynyrd Skynyrd Productions' filing of its counterclaims.  Although discovery has begun, it is far from complete, and no party has served or otherwise initiated oral discovery on the other.  Indeed, though this action commenced on July 22, 2008, because of early summary judgment briefings, the Court has not yet set a schedule for this case.  Accordingly, there is ample time for the parties to conduct discovery regarding all of the claims raised in this action, and, therefore, Plaintiffs will not be caused any unfair prejudice.  Moreover, both Plaintiffs and the Court have been aware of Lynyrd Skynyrd Productions' intent to seek leave to file its counterclaims since at least December 2008 when, during a status conference in chambers, the Court suggested that the counterclaims should be held in abeyance until after the Court ruled on the parties' early summary judgment motions.

Furthermore, Lynyrd Skynyrd Productions' counterclaims are not futile and are not being brought for an improper motive.  In its counterclaims, Lynyrd Skynyrd Productions raises claims of trademark infringement, trademark dilution, a violation of the Anti-Cybersquatting Consumer Protection Act, federal unfair competition, a violation of the Ohio Deceptive Trade Practices Act, and unfair competition under Ohio law.  Lynyrd Skynyrd Productions in good faith believes that

Plaintiffs engaged in the improper conduct complained of in the counterclaims and that, with discovery, Lynyrd Skynyrd Productions will be able to prove each element of each claim.

Therefore, for the reasons set forth above, Lynyrd Skynyrd Productions respectfully requests leave of this Court to file *instanter* the attached First Amended Answer, Affirmative Defenses, and Counterclaims.

Respectfully submitted,

DATED:  February 19, 2010

*/s/ Mark E. Avsec*
Mark E. Avsec (0064472)
mavsec@beneschlaw.com
Bryan A. Schwartz (0078527)
bschwartz@beneschlaw.com
Angela R. Gott (0082198)
agott@beneschlaw.com
**BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio  44114-2378
Telephone:  (216) 363-4500
Facsimile:   (216) 363-4588

*Attorneys for Defendant
Lynyrd Skynyrd Productions, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 19, 2010, a true and correct copy of the foregoing **DEFENDANT LYNYRD SKYNYRD PRODUCTIONS, INC.'S MOTION FOR LEAVE TO FILE *INSTANTER* ITS FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Mark E. Avsec*
One of the Attorneys for Defendant
Lynyrd Skynyrd Productions, Inc.