**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CRAIG REED, et al., | ) |
| Plaintiffs, | ) CASE NO. 1:08CV1761 |
| | ) JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) |
| FREEBIRD FILM PRODUCTIONS, INC., et al., | ) |
| Defendants. | ) |

## <u>LYNYRD SKYNYRD DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER</u>

Plaintiffs Craig Reed ("Reed") and Survivor Films, Inc. ("Survivor" and, together with Reed, "Plaintiffs") filed this action against Defendants Freebird Film Productions, Inc., Fly On, Inc., Vector Management, Inc., Gary Rossington, Ross Schilling, Judy Van Zant Jenness, and Lynyrd Skynyrd Productions, Inc. (collectively, the "Lynyrd Skynyrd Defendants"), and against other parties,[1] for the alleged breach of an agreement (Count I) concerning the use in a documentary film of portions of film footage (the "Subject Film Footage") that Reed shot and Survivor claims to own, and for alleged copyright infringement (Count II) concerning the use of portions of the Subject Film Footage in various audio-video products, music videos, and in conjunction with certain live Lynyrd Skynyrd concerts.

### I.  BACKGROUND

The Court has become familiar with the basic facts of this case by virtue of the parties' early summary judgment briefings and numerous settlement conferences moderated by the Court. At the last such settlement conference, conducted on February 5, 2010, it was stated that

---

[1] Plaintiffs also sued Cabin Fever Entertainment, Inc., Hallmark Entertainment Dist., LLC, and Artisan Entertainment, Inc. Pursuant to the Court's January 15, 2009 Order, Defendant Artisan Entertainment, Inc. and its successor-in-interest Lions Gate Films, Inc. have been dismissed from the case.

no settlement had been reached because, in part, Plaintiffs demanded a concession from the Lynyrd Skynyrd Defendants concerning Plaintiffs' ability to use the Subject Film Footage in the future in an unrestricted manner, including, without limitation, for commercial purposes. Counsel for the Lynyrd Skynyrd Defendants shared with the Court that any settlement agreement concerning the unrestricted use of the Subject Film Footage by Plaintiffs would require not only the consent of the Lynyrd Skynyrd Defendants, but also the consent of interested third parties who are not part of the lawsuit.[2]  Shortly after the settlement conference, the Court ordered Plaintiffs and Defendants to show cause in writing why individuals not currently named in the above-captioned lawsuit should not be joined as required parties for complete disposition.

## II.     THE LYNYRD SKYNYRD DEFENDANTS' RESPONSE

### 1.    No Individuals Not Currently Named Need to be Joined for Complete Disposition of Plaintiffs' Claims

To the best of the Lynyrd Skynyrd Defendants' knowledge, no individuals that are not currently named in the lawsuit need to be joined for a complete disposition of Plaintiffs' claims. Plaintiffs have asserted only two claims in this lawsuit: one claim for breach of contract and one claim for copyright infringement. Although raised in settlement discussions, Plaintiffs' future right to use the Subject Film Footage containing Lynyrd Skynyrd images and performances is not germane to the disposition or settlement of the claims asserted by Plaintiffs in this lawsuit.

---

[2] One or more of the Lynyrd Skynyrd Defendants are parties to at least six confidential agreements (collectively, the "Third Party Agreements") with, for example, the estates of deceased members or former members of Lynyrd Skynyrd (collectively, the "Third Parties") governing the commercial use of Lynyrd Skynyrd products.

Because of the existence of the Third Party Agreements, the Lynyrd Skynyrd Defendants cannot unconditionally authorize any commercial use of the Subject Film Footage by Plaintiffs. Without obtaining consent from one or more of the Third Parties, even the Lynyrd Skynyrd Defendants' collective covenant not to sue Plaintiffs for future exploitation of the Subject Film Footage, as requested by Plaintiffs, would violate at least two of the Third Party Agreements.

It is not likely that all or any of the Third Parties would consent to Plaintiffs' commercial use of the Subject Film Footage, which incorporates the images and performances of present, past, and deceased Lynyrd Skynyrd members. However, to be clear, the Lynyrd Skynyrd Defendants have not approached the Third Parties for consent because, at the end of the day, the Lynyrd Skynyrd Defendants decided that they could not permit Plaintiffs to use the Subject Film Footage for unrestricted commercial purposes as part of the settlement of this lawsuit.

The Court can accord complete relief for both the breach of contract claim and the copyright infringement claim among the existing parties.

### 2. No Individuals Not Currently Named Need to be Joined for Complete Disposition of the Lynyrd Skynyrd Defendants' Defenses or Lynyrd Skynyrd Productions, Inc.'s Proposed Counterclaims

Likewise, to the best of the Lynyrd Skynyrd Defendants' knowledge, no individuals that are not currently named in the lawsuit need to be joined for a complete disposition of the Lynyrd Skynyrd Defendants' defenses or Lynyrd Skynyrd Productions, Inc.'s proposed counterclaims.

With respect to the defenses asserted, the Lynyrd Skynyrd Defendants have steadfastly maintained that there is no commercial market for the Subject Film Footage other than the Lynyrd Skynyrd Defendants' sanctioned use of it. This argument was advanced in the Lynyrd Skynyrd Defendants' early summary judgment briefings as part of the Lynyrd Skynyrd Defendants' fair use argument, i.e., there has been no usurpation of the market for the Subject Film Footage under 17 U.S.C. § 107(4) because Plaintiffs have no legitimate commercial market for this Subject Film Footage that incorporates the likenesses and performances of present and former members of Lynyrd Skynyrd without those persons' (or their estates') consent.[3]

Although those individuals whose likenesses and performances are captured in the Subject Film Footage each have protectable interests as concerns the future use of the Subject Film Footage (whether by Plaintiffs or others), those interests are not at risk if the Lynyrd Skynyrd Defendants' fair use defense or any other defenses or proposed counterclaims are resolved in their absence. Furthermore, to the extent that they have information that is relevant to the Lynyrd Skynyrd Defendants' fair use defense (or any other claims or defenses in this

---

[3] Lynyrd Skynyrd Defs.' MSJ Br. (Doc. 60-2) 18-20; Lynyrd Skynyrd Defs.' Reply in Support of MSJ (Doc. 85) 13-15.

action), those individuals can be called to testify as witnesses and need not be joined as required parties even if it were feasible to join them.

### III. CONCLUSION

As this lawsuit is presently configured, the Lynyrd Skynyrd Defendants do not believe that either Plaintiffs' claims or the Lynyrd Skynyrd Defendants' defenses or the proposed counterclaims of Lynyrd Skynyrd Productions, Inc. require individuals not currently named in the above-captioned lawsuit for complete disposition.

Respectfully submitted,

DATED:  February 19, 2010

*/s/ Mark E. Avsec*
Mark E. Avsec (0064472)
mavsec@beneschlaw.com
Bryan A. Schwartz (0078527)
bschwartz@beneschlaw.com
Angela R. Gott (0082198)
agott@beneschlaw.com
**BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio  44114-2378
Telephone:  (216) 363-4500
Facsimile:   (216) 363-4588

*Attorneys for Defendants
Freebird Film Productions, Inc., Fly On, Inc.,
Vector Management, Inc., Gary Rossington, Ross
Schilling, Judy Van Zant Jenness, and Lynyrd
Skynyrd Productions, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 19, 2010, a true and correct copy of the foregoing **LYNYRD SKYNYRD DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              */s/ Mark E. Avsec*
                                              One of the Attorneys for Defendants